Heffernan, Appellant, *v.* Heffernan et al.

Argued December 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Miner Aylesworth,* for appellant.

*Robert T. McCracken,* with him *Joseph P. Farrell* and *Thomas F. Farrell, Jr.,* for appellees.

OPINION BY MR. JUSTICE LINN, January 5, 1942:

Plaintiff appeals from a decree dismissing his bill filed to obtain cancellation of an agreement made with his brother, a defendant, and the restoration of the status theretofore existing with respect to the subject matter.

The two brothers were stockholders in a corporation known as Wilkes-Barre Independent Company, which published a newspaper in a building owned in common

by them. On March 25, 1937, they executed an agreement by which the plaintiff sold his stock in the corporation to his brother and also agreed to execute a lease of the premises in which the newspaper was conducted to the Wilkes-Barre Independent Company, also a defendant, for a term of ten years, with the right to purchase.

The question tried below is stated by the learned chancellor as follows: "By order of court, made at the time of trial, the issues to be tried were limited to a single question: Did the plaintiff possess sufficient mental capacity to execute the agreement of March 25, 1937, or was he so intoxicated as to make the agreement voidable?"

There is evidence that defendant regretfully concluded that his brother's drinking habits required a severance of their newspaper business relations. The resulting contract was made in the office of defendants' counsel, Mr. Thomas F. Farrell, now Judge Farrell. Present were Mr. Farrell, the two brothers and Mr. Farrell's stenographer, Mrs. Sowden. Judge Farrell testified that the meeting began early in the morning; that during the discussion of the purchase price plaintiff offered to buy his brother's stock for $22,000 or $23,000, but accepted defendant's offer to pay to the plaintiff $47,000 for his stock. Mr. Farrell dictated the agreement to Mrs. Sowden, who transcribed it. The meeting adjourned over the luncheon hour. In the afternoon the parties returned, executed and delivered the agreement. Defendant delivered to plaintiff a certified check for $47,000 payable to his order and received plaintiff's stock. Plaintiff has not cashed the check.

The plaintiff, who had the burden of proof, contends that he had no knowledge of the agreement until it was shown to him later, at a date not stated, and that on March 25th he was in such "a state of physical and mental health that precluded any possibility of my knowing what I was doing. I had been ill from early March continuously." Against this, the three other per-

sons who were present when the agreement was made, Judge Farrell, Mrs. Sowden and defendant, testified that plaintiff participated in the discussion of the proposed contract and understood what he was doing. The question was one of fact. The learned chancellor accepted the testimony of the three witnesses, rejected the plaintiff's and made findings accordingly. This evidence and that of plaintiff's sister, Mrs. Murphy, was sufficient whether or not the relation between the brothers be considered confidential. The court in banc dismissed plaintiff's exceptions. As there is evidence to support the findings, affirmed by the court in banc, we accept them: *Markovitz v. Markovitz*, 336 Pa. 136, 144, 8 A. 2d 42.

In appellant's brief it is suggested that the court in banc was not properly constituted because only two judges sat. Judge FARRELL, of course, could not sit because he had been counsel and was a witness; Judges FINE and JONES also disqualified themselves. Appellant thinks a third judge should have been called in; for present purposes it is sufficient to say that he made no objection at the time and that it is too late to object here: *O'Hara v. Scranton*, 342 Pa. 137, 141, 19 A. 2d 114.

Decree affirmed at appellant's costs.