Kaufhold, Appellant, v. Taylor et al., Trustee.

Argued October 1, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

T. P. Dunn, with him *Agresti & Agresti,* for appellant.

*Frank B. Quinn,* with him *Paul A. Stephany* and *English, Quinn, Leemhuis & Plate,* for appellees.

OPINION BY MR. JUSTICE DREW, November 8, 1948:

Henry Kaufhold, plaintiff, instituted this suit in equity to restrain Forest R. Taylor, defendant, from occupying the premises at 727 State Street, Erie, under a written lease, for the period of three years beginning April 1, 1946, which was alleged to have been fraudulently obtained by the latter from the owner and lessor, J. Reed Craig, the other defendant; and also to have that lease reformed so that he, plaintiff, would be substituted for Taylor as lessee. The case was heard on bill and answer and the learned chancellor made findings and dismissed the bill. After argument, the court en banc overruled plaintiff's exceptions and entered a final decree affirming the action of the chancellor. Plaintiff appealed.

The chancellor found the following facts: In 1945 defendant, Taylor, was in lawful possession of the premises, under a written lease, for a period of two years beginning April 1, 1944, as tenant of the other defendant, Craig, and there conducted a restaurant and liquor business under the name of Arcade Cafe. After some negotiations between Taylor and Kaufhold relative to the sale of the business by the former to the latter, they went to see Craig, on or about November 10, 1945, to secure

his consent to a transfer of the lease to Kaufhold. At this meeting, both Taylor and Kaufhold represented to Craig that it was their intention to transfer the business and liquor license from Taylor to Kaufhold for a few months only, to afford Taylor an opportunity to go west for his health, and upon his return Kaufhold would resell the business and retransfer the liquor license to Taylor. At this meeting Craig agreed to the transfer of the lease and gave Kaufhold such consent in writing to be used by him in securing a transfer of the liquor license by the Liquor Control Board. At the same time he gave Taylor a similar written consent to be used by him upon his return to Erie and his repurchase of the business from plaintiff. At this same meeting, and in Kaufhold's presence, Craig orally agreed to give Taylor a new lease of the premises for a period of three years from April 1, 1946, and on November 15, 1945, he did so. On November 12, 1945, Taylor and Kaufhold entered into a written contract for the sale to Kaufhold of the stock, equipment and fixtures used in the business and transfer of the liquor license for the sum of $12,000. This agreement contained nothing with regard to a subsequent resale of the business to Taylor. After receiving the consent of the Liquor Control Board to the transfer of the liquor license, Kaufhold paid Taylor the full consideration.

Very shortly thereafter, Kaufhold repudiated his oral agreement to resell the business to Taylor and in January, 1946, when Taylor offered him $12,000 for the return of the business, he refused, and later that same month, when Taylor offered him $13,000 he again refused to resell. Craig at no time entered into any agreement, oral or written, to lease the premises to Kaufhold, and the latter never requested Craig for a lease covering the three-year priod beginning April 1, 1946, until after Kaufhold was interviewed by an attorney with reference to the resale to Taylor.

These findings of the chancellor are supported by the great weight of the credible evidence, were affirmed by the court en banc, and, therefore, are binding on this Court: *Heffernan v. Heffernan*, 344 Pa. 137, 23 A. 2d 424. The court below properly was convinced that no fraud had been practiced on Kaufhold by Taylor in obtaining the lease commencing April 1, 1946. It was procured by Taylor from Craig with the knowledge of Kaufhold and in accordance with his oral agreement with Taylor. Under such circumstances Taylor cannot be restrained of his possession under that lease, nor can we reform the lease so that Kaufhold may be named the lessee therein, instead of Taylor.

Kaufhold is lawfully entitled to retain the stock, fixtures, equipment and liquor license. Taylor is not seeking to enforce his oral agreement with regard to resale, and if he were, he would not be permitted to recover, for the parol contract provides for a consideration in excess of $500 and, therefore, under the Statute of Frauds, is unenforceable.

It is contended by Kaufhold that the court below erred in admitting evidence as to the oral agreement of the parties for the reason that such parol evidence varied, altered and contradicted the terms of the writtten agreement of November 12, 1945, without alleging fraud, accident or mistake. With that argument we do not agree. It must be remembered that this is not a suit to compel specific performance of the written contract of November 12, 1945, but rather a suit in equity to restrain Taylor from occupation of the premises under a written lease for the period of three years commencing April 1, 1946, on the ground that Taylor secured that instrument by fraud. The written contract has been fully performed and executed. Kaufhold took possession of the premises and operated the business under the two-year lease of April 1, 1944, which had been assigned to him. In the instant controversy, the only purpose of proving the oral agreement was to show that Taylor did

not fraudulently obtain the lease commencing April 1, 1946. Therefore, it is clear that the written contract was not the basis of the action, but only collaterally involved. For that reason the parol evidence rule does not apply: *Hanauer v. National Surety Co.*, 279 Pa. 345, 348, 123 A. 863; *Green v. Green*, 255 Pa. 224, 99 A. 801; *Alexander v. Righter*, 240 Pa. 22, 87 A. 427.

Decree affirmed, at costs of Kaufhold.