## Limmer *v.* Country Belle Cooperative Farmers et al., Appellants.

Argued November 9, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent.)

*C. Donald Gates, Jr.,* with him *Brandt, McManus, Brandt & Malone,* for appellants.

*Theodore M. Tracy,* with him *Stokes, Lurie and Tracy,* for appellee.

OPINION BY CERCONE, J., December 13, 1971:

This is an appeal from the lower court's entry of judgment against defendants in the amount of $25,000, the lower court stating such was the amount of an offer of settlement made by defendants and accepted by plaintiff.

Defendants have appealed from said judgment, contending that they made no such offer of settlement. They contend further that even if such offer of settlement had been made shortly after the March 25, 1971 pretrial, as stated by the lower court, plaintiff's acceptance thereof after the choosing of a jury on April 7 was not within a reasonable time, the offer at that time having lapsed by virtue of its nonacceptance within a reasonable time or by virtue of plaintiff's rejection by reason of his proceeding with the selection of a jury thereafter.

Unfortunately, we cannot decide the issues thus presented to us on this appeal as no record was made in the court below on the factual issues involved. No evidentiary hearing was held in the matter by the court below wherein the facts relied upon by both sides were placed in evidence by testimony of the parties and their witnesses. The lower court's order, though revealing personal knowledge of the defendants' offer, contains no specific findings as to the date on which the offer was made to plaintiff, the exact content of the offer, the manner in which it was presented to plaintiff, and the circumstances surrounding the presentation. Though the order also reveals the lower court's personal knowledge of plaintiff's acceptance, the order

merely states that counsel for plaintiff "subsequently advised" he had accepted "said offer of settlement and prescribed the apportionment hereinafter set forth." No reference, however, is made to the time, manner of, or circumstances surrounding that acceptance by plaintiff. The court in its order merely makes passing reference to the defendant's refutation of the offer of settlement with the statement ". . . defense counsel advised that the insurance carrier has taken the position that it made no offer of settlement, it is hereby ordered that the settlement is specifically enforced. . .". No record was made by the court below as to the statements and actions of counsel relevant to the matter of offer and acceptance of compromise. Though the lower court stated in its order that the offer of settlement had been transmitted by defendants to him, yet in view of the defendants' denial thereof and their contention that the acceptance came too late, a hearing into the matter should have been held to establish of record the facts and circumstances concerning the alleged offer and acceptance. As much as this court, as well as the court below, favors the settlement of pending litigation, we must nevertheless be careful that in our efforts to clear the court calendar we do not omit the appropriate judicial procedures which not only safeguard the rights and interests of all the parties involved but which protect the court below and prepare the case for intelligent review by the appellate court.

That an evidentiary hearing into the existence and binding effect of the settlement agreement is the appropriate procedure to be followed in matters of contested settlement agreements has been clearly established by the courts. One of the most recent cases in which we reversed and remanded because of failure to follow such procedure was that of *Carter v. Carter*, 212 Pa. Superior Ct. 238 (1968), in which we stated that

the court below had entered an order which in its opinion was "entered by agreement of the parties. The appellant, however, denies that such an agreement was ever concluded." We stated that, "If, in fact, there was such an agreement and appellant's counsel approved it, then the agreement is enforceable", but we noted that, "No hearing was ever held to determine whether or not this order represents the agreement of the parties, and was apparently entered without notice to the appellant." We, therefore, reversed and remanded the case to the lower court for a hearing into the matter, saying: "To avoid any possible injustice and infringement of the constitutional rights of the parties involved this Court makes the following order.

"The order of the Court of Common Pleas of Allegheny County entered November 6, 1967, is hereby reversed, and the record in this case is remanded to the court below for a prompt hearing to determine whether the order as entered represented the agreement of the parties. All counsel of record at that time and parties of interest shall be present and heard, after which, the court below shall enter an appropriate order."

The result reached in the *Carter* case was not a novel one. As early as 1907 the Supreme Court of Pennsylvania reached the same result in *Good v. Grit Publishing Co.*, 214 Pa. 614, a case cited by the lower court to sustain its authority to enforce a settlement reached in a case pending before it. In the *Good* case, upon motion made by the defendant, the lower court ordered that the plaintiff's libel action be marked discontinued and settled by agreement of the parties. An appeal was taken by the plaintiff who had filed an answer to the defendant's motion denying that any agreement of settlement had been made.[1] The Supreme

---

[1] In the case now before us, the court, sua sponte, entered the judgment without any motion made of record by plaintiff to which defendants could have responded in denial.

Court distinguished the cases of *Wilkins v. Burr*, 6 Binn 389 and *Bach v. Burke*, 141 Pa. 649, on the basis that "in the case at bar the appellant in his answer denied that he made any agreement to settle or discontinue the action, or that he ever authorized any person to make such an agreement for him." The court thereupon reversed the lower court's action and ordered "that the action be reinstated in the court below so that appellant may proceed to have the matters in controversy determined by due process of law."

The other cases cited and relied upon by the court as precedent for its authority to enforce an agreement of settlement equally reveal that in the case of a contested settlement, such as here presented, the proper procedure for the lower court to follow is to have a hearing in the matter and thereafter make findings of fact to support its conclusions. In *Woodbridge v. Hall*, 366 Pa. 46 (1950), counsel for both parties went before the court and announced to the chancellor that the case had been amicably settled. The settlement was not carried out, however, and plaintiff petitioned the court to enforce the alleged oral agreement of settlement as theretofore entered into by the parties. A hearing was held in the matter, followed by the chancellor's findings of fact and conclusions of law in favor of a binding contract of settlement. On appeal, the Supreme Court affirmed, emphasizing the procedure followed by the court below in its determination of the matter (pages 48-49):

"The court, after hearing testimony of both sides relating to what had transpired at the time of the alleged settlement, thereafter filed an adjudication and decree nisi, which later was made final, awarding specific performance of the oral settlement agreement. The defendant appealed and now poses, as the question involved, whether the oral negotiations and understand-

ings of the parties at the time the case was first called for trial constitutes a valid and enforceable agreement of compromise or settlement of the case. The appellant also lists another question to be argued which, however, assumes facts not embraced by the findings of the chancellor which were confirmed by the court en banc. As there is evidence to support the findings, that question need not, therefore, be considered.

"The procedure by petition to the equity court, having jurisdiction of the subject matter of the litigation, to enforce specifically the agreement of settlement allegedly entered into by the parties was appropriate: Melnick v. Binenstock, 318 Pa. 533, 536, 537, 179 A. 77. The findings of the chancellor were confirmed by the court en banc and, therefore, have the weight of a jury's verdict and will not be disturbed on appeal, there being substantial evidence to support them: Rayman v. Morris, 361 Pa. 583, 584, 65 A. 2d 397; Kaufhold v. Taylor, 360 Pa. 372, 375, 61 A. 2d 813; Christy v. Christy, 353 Pa. 476, 477-478, 46 A. 2d 169. Each of the matters orally agreed upon by the parties in settlement of the controversy was specifically found by the chancellor and together constitute a binding and enforceable contract as the learned court below correctly concluded: see Sale v. Ambler, 335 Pa. 165, 169, 6 A. 2d 519.

"Decree affirmed at appellant's costs."

In *Berg v. Cypher*, 291 Pa. 276, it was held not reversible error for the lower court to refuse to expand the hearing into a consideration of the unconscionability of the settlement for to do so would require a determination of whether or not plaintiffs had a good cause of action and if they did, whether they knew so at the time of settlement. The court therefore concluded, at page 280, "the evidence here was properly limited to the facts and circumstances affecting the agreement of

settlement: Berks & Dauphin Turnpike Co. v. Hendel, 11 S. & R. 123; Flegal v. Hoover, 156 Pa. 276, 280."

In *Main Line Theaters, Inc. v. Paramount Film Distributing Corp.,* 189 F. Supp. 314 (1960), affirmed by the Circuit Court of Appeals for the Third Circuit at 298 F. 2d 801 (1962), a hearing was held, the court noting: "This record makes clear that there was an oral agreement to settle these two cases. . .".

In *Melnick v. Binenstock,* 318 Pa. 533 (1935), the disputed compromise was held to be a subject for consideration by the court in which the litigation had been pending, the court's opinion indicating a hearing had been held into the matter. In *Mastrogeorge v. Port Authority,* 115 P.L.J. 414 (1966), the opinion of the court (written by the same judge who handed down the order in the instant case) states: "Defendant has filed a motion asking the court to enforce specifically a settlement agreement allegedly reached disposing of these two cases and a third claim of plaintiff against the defendant. Defendant filed an answer to the motion, and *a hearing was held*[2] at which testimony was taken from the attorney for defendant and from the plaintiff himself." The order in that case specifically stated that it was entered "upon consideration of the petition of defendant and answer of plaintiffs, of briefs of counsel, and testimony *taken at a hearing.*"[1]

In *Grandinetti v. Markovic,* 113 P.L.J. 96 (1964), the court (Common Pleas Court of Allegheny County) stated: "A hearing was held on the petition [asking leave to deposit the amount of settlement in the office of the Prothonotary in the event the plaintiffs persisted in their refusal to accept the offer] and all the parties were afforded the opportunity to present testimony and introduce evidence.

---

[2] Emphasis supplied.

"We perceive the scope of our inquiry to be (1) whether or not the parties have entered into a binding agreement of compromise and settlement; and (2) whether or not, in the absence of any allegation of fraud, mutual mistake, lack of authority, or unconscionability, this Court may enforce an oral agreement of compromise and settlement."

The court below in this case should have followed the procedure thus indicated by the very decisions it relies on with regard to the issue of a court's authority to enforce a settlement agreement in a case pending before it, which issue was not raised in this appeal. The issue here raised is as to the propriety of the court's order enforcing a settlement agreement which the defendants deny exists. In view of the absence of a hearing and record in the matter, we are ill equipped to render any judgment on the merits. We do conclude, however, that before the court entered the order enforcing the settlement agreement which defendant denied existed, it should have had the offer and proper and timely acceptance thereof established as a matter of record and should have afforded defendants an opportunity to establish of record their denial of an offer of settlement and to establish the facts and circumstances upon which they rely in support of their contention that the offer had expired before acceptance by the lapse of a reasonable amount of time or the offer had expired before acceptance by virtue of plaintiff's conduct amounting to a rejection of the offer.

We therefore reverse the order entering judgment against defendants in the amount of $25,000 and remand the case to the lower court for a prompt and full hearing into all the facts and circumstances surrounding the offer and acceptance of settlement, at which hearing counsel who represented plaintiff and defendants at the time of the alleged settlement agreement,

together with all parties of interest and their witnesses, shall be present and be heard, after which the court below shall make appropriate findings and conclusions and enter its order in connection therewith.