Philadelphia Redevelopment Authority *v.* L & A Creative Art Studio, Inc.

Argued June 6, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Francis J. Moran,* with him *Leon Katz,* for appellant.

*Joseph E. Gold,* with him *Kates, Levesey & Edelstein,* for appellee.

OPINION BY JUDGE BLATT, September 8, 1972:

This appeal is from an order of the Court of Common Pleas of Philadelphia County entering judgment in favor of the appellee and against the Redevelopment

Authority of the City of Philadelphia (Authority) in the amount of $115,000.00.

This case has had a confusing development. It began when a Petition was filed by the appellee in the court below alleging that the appellee was the occupant of a portion of premises which had been condemned by the Authority, that the appellee had entered into a settlement with the Authority for condemnation damages in the amount of $115,000.00, and that this settlement was in the form of a Stipulation signed by attorneys for both parties. The appellee asked that this settlement be enforced in its favor. In its Answer, the Authority admitted that it had condemned the property in question, but denied that it had entered into a settlement with the appellee. The Authority did admit that one of its attorneys had signed the Stipulation cited by the appellee, but denied "that the document in question has the legal implications set forth by the Petitioner."[1] The lower court decided the case solely on the Petition and Answer, denying the Authority the right to introduce evidence, holding that an agreement between attorneys should be enforced as a matter of public policy, and stating that, there being no question of fact, an evidentiary hearing was not required.

In its appeal, the Authority has alleged that it attempted to amend its Answer to the Petition filed in the court below so as to deny that the property in question had ever been condemned, but the lower court in its opinion took no note of any such attempted amendment.[2] The Authority also argued that the Petition did

---

[1] In its brief, the Authority contends that the attorney whose signature is on the Stipulation was never assigned to this case, and has no specific knowledge as to how the document came before him for signature, and has no recollection of signing it.

[2] It is the Authority's contention now that this property had not been condemned but had been purchased amicably from its own-

not allege that the attorney signing the stipulation had any authority to bind his principal, and that he did not in fact have such authority. The appellee has argued, however, that the sole issue was and is whether or not an attorney for the Authority signed the Stipulation. Since that was admitted by the Authority, the appellee claims that the lower court was correct in entering judgment without first having an evidentiary hearing.

We believe that an evidentiary hearing should have been held and must now be ordered.

It is clear that Section 501 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, 26 P.S. §1-501, permits the condemnor and the condemnee to "agree upon all or any part or item of the damages . . . ." The question in this case, however, is not merely whether or not such an agreement was signed, but whether or not the attorney who is alleged to have signed for the Authority had the power to do so. There is no doubt that in many instances an attorney may act on behalf of his client without specific authority to do so, but "[a]n attorney by virtue of his employment as such, merely, has no general power to compromise the claims of his client . . . [and] the authority to compromise a claim cannot be inferred from the mere relationship of attorney and client . . . ." *Brockley v. Brockley,* 122 Pa. 1, 7 (1888). "The authority of attorney to bind client by way of agreement or compromise is not inferred, but must be proven." *Lyle v. McKeesport R. Co.,* 131 Pa. 437, 440 (1890). In the somewhat more recent case of *Voloshen v. Mann,* 392 Pa. 253, 140 A. 2d 450 (1958), Justice MUSMANNO pointed

---

er, of whom the appellee was a tenant. It allegedly did not include this argument in its Answer because the Answer was prepared hastily and before the complete record on this matter could be obtained.

out that it was a very explicit power of attorney by one of the parties which gave her attorney the power to enter into a binding agreement settling an action. When alleging that an attorney has bound his client to a settlement of an action, it would clearly seem to be necessary to show, therefore, that the attorney has the authority to enter into such an agreement.

The appellee did not allege in its Petition to the court below that the attorney signing the Stipulation had any authority to sign it, and, in view of this omission and of the Authority's denial to the court below that it had entered into any settlement with the appellee, it is difficult to understand why the court refused to hold an evidentiary hearing. Such a hearing would have permitted all of the facts in this case to be placed in the record and would have avoided any possible injustice to either party. "That an evidentiary hearing into the existence and binding effect of the settlement agreement is the appropriate procedure to be followed in matters of contested settlement agreements has been clearly established by the courts." *Limmer v. Country Belle Cooperative Farmers*, 220 Pa. Superior Ct. 171, 173, 286 A. 2d 669, 670 (1971).

We believe, therefore, that remanding this matter to the lower court for an evidentiary hearing will permit that court to ascertain whether or not in fact there was a valid settlement agreement between the Authority and the appellee. Additionally, the lower court may then ascertain if the Authority was permitted, or should be permitted, to amend its Answer. If amendment is permitted, the issue as to whether or not the property had in fact been condemned could be considered. Certainly in a matter involving such a large amount of the taxpayers' money, we should not hesitate to take all the steps necessary to insure that justice is done, even if some delay is caused thereby.

In regard to the motions filed by the appellee to quash this appeal and to suppress the Authority's brief, we find these to be without merit. They are, therefore, dismissed.

In addition, we issue the following

### ORDER

Now, September 8, 1972, the order of the Court of Common Pleas of Philadelphia County is hereby reversed, and the record in this case is remanded to that court for further proceedings consistent with this opinion.