440 A.2d 613

**HOUSTON–STARR COMPANY, a corporation, Appellant,**

**v.**

**VIRGINIA MANOR APARTMENTS, INC., a corporation, Elias J. Hakim, Jr., an individual, Leonard Magee, Jr., an individual, Lendoll Corporation, a corporation, Berg Construction, a corporation, Maridol Corporation, a corporation, the Western Pennsylvania National Bank, a corporation, and the Metropolitan Life Insurance Company, a corporation.**

Superior Court of Pennsylvania.

Argued May 1, 1981.

Filed Jan. 22, 1982.

---

John A. Metz, Pittsburgh, for appellant.

Benjamin Wechsler, Pittsburgh, for appellees.

Before POPOVICH, MONTGOMERY and HOFFMAN, JJ.

PER CURIAM:

Appellant contends that the lower court erred in vacating a judgment of settlement without an evidentiary hearing

and findings of fact. We agree and, accordingly, vacate the order of the court below and remand for proceedings consistent with this opinion.

On February 15, 1972, appellant filed a complaint in assumpsit against appellee Virginia Manor Apartments, Inc. (hereinafter appellee) and several others alleging that it had not been paid for approximately $70,000 worth of building materials. Following lengthy pre-trial proceedings, the case was called for jury trial in early May, 1978. The case was not tried to completion, however, because the parties negotiated a settlement which the lower court entered as a $37,000 judgment for appellant against appellee. Appellee promptly paid appellant $5,000 as the first installment under the purported settlement agreement. A dispute subsequently arose between the parties concerning the payment terms of the agreement. On August 15, 1979, appellant filed a petition to enforce the agreement alleging its version of the payment terms. The lower court subsequently conducted a conference, where appellee apparently denied that it had agreed to the terms alleged in appellant's petition.[1] The lower court then circulated to counsel, and later filed, the following order:

WHEREAS, the above captioned matter came on for trial and after taking some testimony the case was settled for $38,000.00, $37,000.00 to be paid by [appellee], and $1,000.00 to be paid by the other defendants, and,

WHEREAS, the parties understood that [appellee] was not able to pay the agreed settlement except on terms, and

WHEREAS, the parties were to enter into an agreement providing for the terms of payment of the $37,-000.00, and

WHEREAS, judgment was entered of record against [appellee] and in favor of [appellant] in the amount of $37,000.00, and

1. There is no indication whatsoever in the current record that the lower court received any evidence concerning the settlement at this, or at any other, time. There is no transcript of those proceedings, and the parties disagree as to their nature and content.

WHEREAS, [appellee] did at the time of settlement pay to [appellant] the sum of $5,000.00, and

WHEREAS, the parties met outside the presence of the court to enter into an agreement for the terms of payment of the balance of $32,000.00, and

WHEREAS, [appellant] has filed a "Petition to Enforce Settlement Agreement" based upon terms which [appellant] contends were agreed to, and,

WHEREAS, [appellee] denies that it agreed to the terms as contended by [appellant], and

WHEREAS, a hearing was scheduled thereon and was continued for the parties to attempt to resolve their differences, and

WHEREAS, the parties were unable to resolve their differences, and

WHEREAS, a second hearing on the petition was scheduled for November 9, 1979, at 3:00 o'clock P.M., which was held, and

WHEREAS, at the aforesaid hearing, the Court stated that it could not conduct the hearing to enforce the settlement agreement for the reasons that there was no agreement as to the terms of payment which was made with and in the presence of the Court, and that the proper procedure would be for [appellant] to bring a separate action in assumpsit requesting relief consistent with the terms of the agreement as contended for by [appellant], and

WHEREAS, the Court met with the attorneys for the parties and it was agreed that the attorneys together with their clients would again meet on November 12, 1979 to attempt to resolve their differences, and

WHEREAS, the Court advised the attorneys that there were three alternatives available, i.e., (1) that [appellant] sue on the agreement as contended for by it, (2) that the parties agree to settle their differences, and (3) that the judgment in the amount of $37,000.00 be vacated, [appel-

lant] return to [appellee] the $5,000.00 already paid by [appellee] to [appellant], and

WHEREAS, the parties and their attorneys did meet on November 12, 1979 and the Court has been advised that the parties were unable to resolve their differences and that [appellant] did not choose to proceed in assumpsit on the contended for agreement, and

WHEREAS, the parties agree, by their attorneys, that the judgment heretofore entered be vacated and [appellant] return to [appellee] $5,000.00 and the case proceed to trial against [appellee] alone,

NOW, therefore, it is ordered this *31* day of December, 1979,

1. That the judgment entered against [appellee] on May 8, 1978 as of May 3, 1978 in the amount of $37,000.00 be and hereby is vacated.

2. That [appellant] refund to [appellee] the sum of $5,000.00.

3. That upon proof of payment of the aforesaid $5,000.00 being filed in the within proceedings, the within case shall be set down for trial, on the merits, to a jury.

That the case shall proceed against [appellee] only and all other defendants are dismissed as parties to the action.

This appeal followed.[2]

Appellant argues that the lower court erred in entering the above order without first conducting an evidentiary hearing and making findings of fact concerning the settlement agreement. We agree. In *Limmer v. Country Belle Cooperative Farmers*, 220 Pa. Superior Ct. 171, 286 A.2d 669 (1971), a plaintiff attempted to enforce a settlement agreement. Defendant denied that an agreement had been

2. Appellee argues that this appeal is from an interlocutory order and, therefore, premature. *See, e.g., T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). Even if appellee is correct in its assertion that the order is interlocutory, it is nevertheless appealable as of right as "[a]n order ... vacating ... a judgment." Pa.R.A.P. 311(a)(1).

reached because its offer had not been timely accepted. Although the lower court conducted no evidentiary hearing, it specifically enforced the agreement and entered judgment for the amount of the purported settlement. In its order, the lower court detailed its personal knowledge of the disputed facts. On appeal, this Court reversed the judgment and remanded for an evidentiary hearing and findings of fact concerning the alleged settlement agreement. *Id.*, 220 Pa.Super. at 178–79, 286 A.2d at 672. We stated "[t]hat an evidentiary hearing into the existence and binding effect of the settlement agreement is the appropriate procedure to be followed in matters of contested settlement agreements has been clearly established by our courts." *Id.*, 220 Pa.Super. at 173, 286 A.2d at 670. *Accord, Philadelphia Redevelopment Authority v. L & A Creative Art Studio, Inc.*, 6 Pa. Commonwealth Ct. 326, 330, 294 A.2d 606, 608 (1972) (reversing judgment entered on settlement agreement and remanding for evidentiary hearing on issue of existence of valid settlement agreement). Here, as in *Limmer*, the order appealed reveals the lower court's intimate knowledge of the details of the settlement agreement. However, as in *Limmer*, we cannot review the lower court's actions because there was no testimony or findings of fact. The need for a complete record is just as acute when we are reviewing an order vacating a settlement as when we are reviewing an order enforcing a settlement agreement. The lower court's recitals in its order are not a substitute for a full record, especially when the parties dispute the very circumstances under which the order was entered. Accordingly, we must vacate the order of the court below and remand for an evidentiary hearing after which the lower court shall make findings of fact and enter an appropriate order. Either party aggrieved by the lower court's ultimate order may appeal as allowed by law.

So ordered.