Sara Miller Tomb, Administratrix of the Estate of Beverly Diane Tomb, Deceased et al. *v.* Matlack, Inc. et al. Borough of Ellwood City, Appellant.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

49

*Charles W. Garbett, Luxenberg & Garbett,* for appellant.

*Richard L. Rosenzweig, Rosenzweig, Rosenzweig & Burton,* with him *Brian H. Baxter,* for appellee, Matlack, Inc.

OPINION BY JUDGE BLATT, July 29, 1982:

Before us is the appeal of the Borough of Ellwood City (Borough) of the orders of the Court of Common Pleas of Allegheny County striking off a discontinuance, and the motion to quash filed by the appellee, Matlack, Inc. (Matlack).

Beverly Diane Tomb and Dail F. Tomb, III were killed in an automobile-truck accident and an action for Wrongful Death and Survival was initiated by their survivors against Matlack, the owner of the truck and the employer of its operator. Matlack then filed an answer, new matter and complaint joining additional defendants including the Borough. A letter in the record discloses that on November 6, 1980, counsel

for Matlack proposed to counsel for the survivors a settlement of all of the survivors' claims against all[1] of the defendants, for $300,000. This offer, which was conditioned upon the preservation of Matlack's right to seek contribution from its fellow defendants, was accepted. Because the survivors' claim included death actions and a minor's claim, the settlement agreement had to be approved by the trial court, Pa. R.C.P. Nos. 2039(a) and 2206(a), and that court approved the settlement and compromise on December 16, 1980, entering an order which stated, *inter alia*, that "this law suit shall be settled and discontinued." The prothonotary of the court then marked the entire matter as settled in a docket entry dated December 23, 1980, after counsel for the survivors prepared and submitted a Praecipe to Settle and Discontinue. Matlack, upon discovering that the entire suit was deemed to be closed, petitioned the trial court, without notice to the Borough, to sign revised settlement orders. These were agreed to by the survivors and specifically preserved the right of Matlack to seek contribution from the additional defendants. The trial court granted Matlack's request in orders dated March 23, 1981, vacating and modifying its previous orders of December 16, 1980. The Borough filed a motion in the trial court on April 20, 1981, asking it to rescind and/or strike its orders of March 23, 1981. The court took no action on this motion, and the Borough then decided to file the instant appeal challenging these March 23, 1981 orders. On June 2, 1981, the trial court filed an opinion in support of the orders, and in response to the Borough's appeal to this Court, Matlack has filed a motion to quash.

---

[1] Section 8324 of the Uniform Contribution Among Tortfeasors Act, 42 Pa. C. S. §8324, requires that a settling co-defendant, in order to preserve his right to contribution, must extinguish the liability of his fellow defendants to the injured person.

Matlack contends that this appeal should be quashed because the March 23, 1981 orders of the trial court were interlocutory and therefore unappealable. Our Supreme Court, however, held in *Houston-Starr Company v. Virginia Manor Apartments, Inc.*, Pa. , 440 A.2d 613 (1982), that an appeal of an order vacating a judgment of settlement "[e]ven if ... interlocutory ... is nevertheless appealable as of right as '[a]n order ... vacating ... a judgment.' Pa. R.A.P. 311(a)(1)." *Id.* at n.2, 440 A.2d at 615 n.2. Matlack's motion to quash must therefore fail.

The Borough argues that, under *Stone & Webster Engineering Corp. v. Heyl & Patterson, Inc.*, 261 Pa. Superior Ct. 150, 395 A.2d 1359 (1978), and *Barson's and Overbrook, Inc. v. Arce Sales Corp.*, 227 Pa. Superior Ct. 309, 324 A.2d 467 (1974), Matlack is precluded from maintaining an action for contribution against it. These cases held that, where all the parties to the contribution action were parties to the Wrongful Death and Survival Actions, and where the settling defendant in the initial action fails to reserve in the settlement agreement his right to contribution from other co-defendants, a new action for contribution cannot thereafter be maintained by the settling defendant against said co-defendants. The *instant* situation, however, differs from that in *Stone* and in *Barson's*. Here, Matlack did not commence a new or subsequent action for contribution against the Borough; rather, it sought the preservation of that portion of the original action commenced by its joining the Borough as an additional defendant. *Stone* and *Barson's*, therefore, are not controlling here.

The Borough also argues that the trial court's granting of Matlack's petition to strike off the discontinuance was improper due to the failure of Matlack to give notice as required by Pa. R.C.P. No. 229(c), and that such lack of notice prevented it from challenging

52

or participating in the formation of the new settlement/discontinuance order. Rule 229(c) provides as follows:

> The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

It is undisputed that no notice was given to the Borough concerning Matlack's petition to strike off the December 16, 1980 discontinuance prior to the granting of the said petition by the lower court on March 23, 1980. As a result of this failure to comply with the notice requirement of Rule 229(c), therefore, we have no choice but to reverse the order of the trial court and will do so without prejudice to the right of Matlack to re-petition that court for the relief it previously sought, provided, of course, that it then complies with the rule.

#### ORDER

AND, Now, this 29th day of July, 1982, the March 23, 1980 orders of the Court of Common Pleas of Allegheny County in the above-captioned matter are hereby reversed without prejudice to the rights of Appellee Matlack, Inc. to re-petition said court for the relief it sought provided that the requisites of Pa. R.C.P. No. 229(c) are complied with.