### Danko v. State Farm Insurance Co.

*Kenneth R. Behrend,* for plaintiffs.
*William A. Radcliffe,* for defendants.

SOLOMON, *J.,* January 28, 1992—This matter comes before the court on the preliminary objections of the defendants to the complaint of the plaintiffs. This action arises out of a motor vehicle accident that occurred on December 8, 1980, in Washington County, Pennsylvania. In 1985, a settlement was reached between the plaintiffs and the defendant, State Farm Insurance Co., pursuant to the now repealed No-Fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et. seq. (repealed), and a settlement order was filed of record in the Washington County Court of Common Pleas on June 5, 1985. These preliminary objections challenge the right of the plaintiffs to bring another action in this jurisdiction.

## STATEMENT OF THE CASE

Originally, this litigation began over a decade ago in Washington County, Pennsylvania. The matter in controversy then concerned only the plaintiff Paul Danko, an insured claimant of the defendant, State Farm (original defendant). He resides at 415 Victoria Avenue, Belle Vernon, Fayette County, Pennsylvania, with the co-plaintiff, his wife Berta. Together they are bringing this action in trespass against the original defendant and one of its representative agents, Gilbert Lee.

The original defendant entered into a settlement agreement with the plaintiff, as the result of a motor vehicle accident that occurred on December 8, 1980, in the parking lot of the MonValley General Hospital in Washington County, Pennsylvania. It was a motor vehicle accident involving plaintiff and an unknown motorist, and the settlement agreement was reached pursuant to the now repealed No-Fault Motor Vehicle Insurance Act.

The original forum relating to those events was the Washington County Court of Common Pleas. The settlement agreement entered into by the parties was reviewed by the Honorable John F. Bell, judge of the Court of Common Pleas of Washington County and, after being so ordered, was filed of record as order No. 44, June Term, 1985. It should be noted that in the settlement order, and related documents filed of record earlier, it was set forth that the plaintiff's address was 425 Victoria Avenue, Belle Vernon, *Westmoreland County,* Pennsylvania.

Subsequently, both plaintiffs alleged that they were involved in another motor vehicle accident on January 14, 1982, and that they submitted a claim for proceeds relating

to the second accident to the defendant, Gilbert Lee, a licensed insurance agent of the original defendant. The plaintiffs further allege that the settlement at No. 44 June Term, 1985, because of a misrepresentation made by the defendant agent, improperly included the claim of the second accident. Thus, the plaintiffs are now bringing a claim based on fraud against the defendants. For all times relevant to these events, defendant Lee's office was located at 124 Fallowfield Avenue, Charleroi, Washington County, Pennsylvania, and the regional headquarters of original defendant, State Farm, were in the city of Pittsburgh, Allegheny County, Pennsylvania.

On December 19, 1989, the plaintiffs initiated the instant matter attacking the June 5, 1985, settlement order of Judge Bell, and seeking to have the settlement rescinded because of alleged fraud and collusion on the part of the defendants. Furthermore, they wish to initiate a new action in trespass for fraud and deceit against the defendant, Lee. In addition, plaintiffs seek to institute a class action against the original defendant. The class would include all claimants of the original defendant insured from 1979 until the date of final determination of this matter.

In response, the defendants have filed preliminary objections requesting the dismissal of the action on various grounds, among them that a collateral attack of the settlement order is improper.

The plaintiffs' answer to the preliminary objections, in relevant part, states that the requisite jurisdiction of the original forum, the Washington County Court of Common Pleas, was lacking in statutory authority to validate the settlement order. In doing so, the plaintiffs call at-

tention to 40 P.S. §1909.106(b)(1) (repealed) in support of their position.

Turning now to the new proceedings filed here in Fayette County, this court is faced with an unenviable task. By being asked to overturn a decision of another competent, equivalent and neighboring Court of Common Pleas, the plaintiffs have placed this court in an awkward position. We are being asked to overturn a settlement order entered in a case that was originally brought in Washington County by the same plaintiffs; a settlement order that was handed down by the Honorable Judge Bell of the Court of Common Pleas, who presides over the same judicial seat as does this court.

We resolve that task by limiting our response to matters of jurisdiction raised by the preliminary objections and leave unresolved all other matters raised. Pursuant to Pa.R.C.P. 1006(d)(1), 42 Pa.C.S., this court contends that it is authorized, by the circumstances of the case at bar, and for the reasons hereinafter set forth to exercise its discretion and transfer venue to the Washington County Court of Common Pleas for proper disposition.

## DISCUSSION

The only matter that will be addressed by this court is the preliminary objection of the defendants, and the answer in response, which concerns the collateral attack on the Washington County Court of Common Pleas settlement order. A copy of the settlement agreement was attached to plaintiffs' complaint, along with the court order signed by the Honorable John F. Bell, Judge of the Washington County Court of Common Pleas. The settlement was entered into pursuant to the extinct Pennsylvania

No-Fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et. seq. (repealed).

Pennsylvania courts ordinarily react with hostility when asked to overturn a comparable Pennsylvania court's decision. The initial presumption is that if the collateral attack is being made from another Pennsylvania court of general jurisdiction, that collateral attack will be deemed improper. Understandably, Pennsylvania courts are rigid and unsympathetic in this regard. The standard rule followed is that all Pennsylvania judicial decisions will be held final, except in cases of fraud or collusion, and the burden is on the party attacking it to establish its invalidity. *Commonwealth, ex rel. McClenachan v. Reading*, 336 Pa. 165, 6 A.2d 776 (1939); *Commonwealth, ex rel. Spader v. Myers*, 187 Pa. Super. 654, 145 A.2d 870 (1958); *Gordon v. Hartford-Sterling Co.*, 350 Pa. 277, 38 A.2d 229 (1944).

The other necessary requirement for a successful collateral attack pertains to the subject matter jurisdiction of the court rendering the decision. In order for the plaintiffs to successfully attack collaterally the Washington County Court of Common Pleas order, they must show that one or more of the following three jurisdictional elements is absent: the court's jurisdiction of the parties; the court's jurisdiction of the subject matter; or the power or authority to render the order. *Roberts v. Gibson*, 214 Pa. Super. 220, 251 A.2d 799 (1969). Since the plaintiffs admit that the Washington County Court of Common Pleas had jurisdiction over the parties and the subject matter, it is only the third element, the power and authority of that court, that plaintiffs now question. The plaintiffs allege that the repealed No-Fault Statute prevented the court from properly handling the original matter because it lacked both the power and authority. In support thereof,

the plaintiffs cite 40 P.S. §1009.106(b)(1) alleging that all of the statutory elements of the settlement order were not present. This allegation is without merit.

Any Court of Common Pleas is statutorily imbued with the power and authority to enter the order in question. Relevant paragraphs of 42 Pa.C.S. §931(a), (b) and (c) state that any Court of Common Pleas has "unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the Courts of Common Pleas." An exception or proceeding is adopted by statute but that exception is not found here. Since the original matter involved an action in trespass, it was properly heard by the Court of Common Pleas.

The plaintiffs' collateral attack now becomes fatally defective since Pennsylvania decisions permit no other grounds by which to nullify the decision of another competent court. It is well established that a judgment rendered by a court having jurisdiction of parties and subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity or binding effect, by parties or privies, in any collateral action or proceeding. *Mangold v. Neuman,* 371 Pa. 496, 91 A.2d 904 (1952); *Commonwealth Department of Revenue v. City of Philadelphia,* 5 Pa. Commw. 358, 290 A.2d 734 (1972); *Policino v. Ehrlich,* 236 Pa. Super. 19, 345 A.2d 224 (1975), *rev'd,* 478 Pa. 5, 285 A.2d 968 (1978).

More recently, a Pennsylvania decision established that if a court had jurisdiction in general, then it could not be collaterally attacked because of want of some minute inconsistency. The case of *Reese v. Reese,* 351 Pa. Super.

521, 527-28, 506 A.2d 471, 474 (1986), cited 28 Am.Jur.2d, *Estoppel and Waiver,* section 73 (1966) when it noted that if:

"A court has general jurisdiction of the subject matter of a controversy, a party at whose instance a judgment is rendered *or a decree made* is not entitled to contend in a collateral proceeding that it is invalid for want of jurisdiction in some particular." (emphasis added)

Thus, even if plaintiffs' assertions about Washington County's review of the settlement agreement and appli-. cation of the No-Fault Statute's requirements had any merit this court would still be prevented from recognizing the collateral attack.

The defendants correctly outlined, in their brief, the proper recourse for the plaintiffs to follow in order to pursue their action. Referring to preliminary objection one, the defendants are correct in setting forth that the proper procedure is for the Court of Common Pleas which issued the settlement order to hold an evidentiary hearing as to the effect of the settlement agreement. *Limmer v. Country Belle Cooperative Farmers,* 220 Pa. Super. 171, 173, 286 A.2d 669, 671 (1971). See also, *Redevelopment Authority of the City of Philadelphia v. L&A Creative Art Studio,* 6 Pa. Commw. 326, 294 A.2d 606 (1972); *Houston-Starr Co. v. Virginia Manor Apartments,* 294 Pa. Super. 571, 440 A.2d 613 (1982). If the plaintiffs then wish to challenge the June 5, 1985, settlement order, they should have petitioned the court having original jurisdiction—the Washington County Court of Common Pleas.

A later case, citing *Limmer, supra,* expounded upon the lower court's knowledge of the details of the settlement

agreement. In *Houston-Starr Co. v. Virginia Manor Apartments, supra,* the court opined that it is ultimately necessary to have a completed record, and that, "[t]he need for a complete record is just as acute when we are reviewing an order vacating a settlement as when we are reviewing an order enforcing a settlement agreement." *Houston-Starr, supra,* 294 Pa. Super. at 576, 440 A.2d at 615. Such record does not exist in this court. Just as importantly, an established corresponding principle of orderly judicial process is that a court which first acquires jurisdiction over the matter should be permitted to decide all questions as to that particular matter. *In re Binenstock's Estate,* 410 Pa. 425, 430, 190 A.2d 288, 291 (1963); *Tallarico v. Bellotti,* 414 Pa. 535, 200 A.2d 763 (1964).

A settlement is always referable to the original court where it was entered into by the parties. "A compromise or settlement of litigation is always referable to the action or proceeding in the court where the compromise was effected; it is through that court the carrying out of the agreement should thereafter be controlled." *Melnick v. Binenstock,* 318 Pa. 533, 536, 179 A. 77, 78 (1935).

A party can always petition the lower court to set aside the order settling the case on the basis of fraud, accident or mistake. *Barson's & Overbrook Inc. v. Arce Sales Corp.,* 227 Pa. Super. 309, 324 A.2d 467 (1974). That is what the plaintiffs should have done here.

Wherefore, we will enter the following order.

ORDER

And now, January 28, 1992, it is ordered and directed that the preliminary objections of the defendants are

granted and this case, at No. 1253 of 1990, G.D., Fayette County, Pennsylvania be transferred to the civil docket of the Washington County Court of Common Pleas for proper disposition.