J-A03014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELIZABETH ANDERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL T. FOSTER, RONALD CLEVER, ROBYN COLAJEZZI, JENNIFER MCAFEE, JULIE METZGER, REBECCA OLESEN, RUBY THE LOST GREYHOUND, INC., SUZY SORA AND BETH TALIERCO | : | No. 1226 EDA 2023 |
| | : | |
| APPEAL OF: MICHAEL T. FOSTER | : | |

Appeal from the Order Entered April 13, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No: 2016-01050

| | | |
|---|---|---|
| ELIZABETH ANDERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL T. FOSTER, RONALD L. CLEVER, ESQ., ROBYN COLAJEZZI, JENNIFER MCAFEE, JULIE METZGER, REBECCA OLESEN, RUBY THE LOST GREYHOUND, INC., SUZY SORA AND BETH TALIERCO | : | No. 1380 EDA 2023 |
| | : | |
| APPEAL OF: RONALD L. CLEVER, ESQ., JULIE METZGER, ROBYN COLAJEZZI AND BETH TALIERCO | : | |

Appeal from the Order Entered April 13, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No: 2016-01050

| | | |
|---|---|---|
| ELIZABETH ANDERSON | : | IN THE SUPERIOR COURT OF |

J-A03014-25

|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| MICHAEL T. FOSTER, RONALD | : |  |
| CLEVER, ROBYN COLAJEZZI, | : |  |
| JENNIFER MCAFEE, JULIE METZGER, | : | No. 1394 EDA 2023 |
| REBECCA OLESEN, RUBY THE LOST | : |  |
| GREYHOUND, INC., SUZY SORA | : |  |
| AND BETH TALIERCO | : |  |
|  | : |  |
|  | : |  |
| APPEAL OF: RONALD L. CLEVER | : |  |

Appeal from the Order Entered April 13, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No: 2016-01050

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED MAY 19, 2025**

In these consolidated appeals, the above-captioned Appellants seek review of a purported "order' entered on April 13, 2023, by the Court of Common Pleas of Bucks County (trial court), following a hearing on a Motion for Contempt filed by the plaintiff, Elizabeth Anderson (Appellee), in the underlying action. For the following reasons, we find that Appellants are entitled to no relief.

Appellee filed a defamation action against Appellants about eight years ago, and the facts of the case are not germane to this appeal. Suffice it to say, the proceedings dragged on for several years, interactions between the parties became contentious, and the trial court became understandably frustrated with the persistent delays.

- 2 -

On July 12, 2022, Appellee filed a motion for a settlement conference. The trial court held the conference telephonically on September 20, 2022. The conference was not transcribed, so there is no record of the parties' discussions on that date; nor is there a transcript or a corresponding written order by the trial court telling the parties what to do from that point on.

However, the parties all seem to agree that some type of understanding was reached in which Appellants would pay Appellee $63,500.00 in exchange for, at minimum, a release from any and all of Appellee's claims against them. The parties evidently disagreed as to whether other terms were agreed to, such as a reciprocal release by Appellants as to any and all claims they may have against Appellee.

On February 17, 2023, Appellee filed a Motion for Contempt against Appellants. She alleged that, at the telephonic conference held on September 20, 2022, the parties had agreed to certain settlement terms, including a mutual release, but that later, Appellants provided her with documents which only provided for her to grant a unilateral release in their favor. For her remedies, Appellee requested the trial court to enter an order directing Appellants to execute the draft release provided by Appellee; hold Appellants in contempt; and require Appellants to pay Appellee's attorney's fees.

At the hearing on Appellee's motion held on April 13, 2023, none of her requests for relief were granted. The trial court found that Appellants could not be held in contempt because there was no order in effect which they could have violated. *See* Trial Court 1925(a) Opinion, 8/28/2023, at 9.

Both parties admitted at the outset that a settlement agreement existed. *See* N.T. Contempt Hearing, 4/13/2023, at 2. However, they disputed how it was to be carried out, especially with respect to the procedures for Appellants' payment, and whether Appellants were obligated to release Appellee from any and all claims they may have against her.

The trial court became exasperated by the debates on these points. Rather than entertain further discussion on the terms of the settlement agreement, the trial court explained that the hearing had been held to address Appellee's Motion for Contempt, and *not* a petition to enforce an existing settlement agreement, or a bad-faith action. Again, no relief was granted as to Appellee's motion.

The trial court instead accepted the parties' respective stipulations that the case had been settled, notwithstanding the collateral points on which they differed. Additionally, one of the Appellants, Ronald L. Clever (who also serves as legal counsel for other Appellants), was told to direct any future communications to the trial court through "U.S. post mail," and not by email or telephone. *See id*., at 14.

A docket entry on the date of the hearing reads, "Order entered[,] case is settled, over and discontinued by [trial court]." The trial court then entered into the record an "Order" in the form of an unsigned "civil court sheet," which provides as follows:

Plaintiff has not signed release.

Argument placed on the record[.]

- 4 -

[T]here is no counterclaim. Both parties are released from any and all claims known and unknown.

This case is settled, over and discontinued.

Mr. Clever is to never call or email Judge's Chambers again.

See transcript [of hearing on 4/13/2023] for all details.

Trial Court Order, 4/13/2023.

Although Appellee's Motion for Contempt was effectively denied, Appellants timely appealed the above order. In their brief, Appellants argue that the trial court erred in (1) recognizing the existence of a binding settlement agreement; (2) declaring that the parties had agreed to a mutual release; (3) directing Clever not to call or email the trial court's chambers; and (4) incorporating into its order the transcript of the hearing held on April 13, 2023. *See* Appellant's Brief, at 4.

We begin our consideration of these issues by noting that Appellants do not seem to be aggrieved by the order they now seek to overturn. The matter before the trial court was Appellee's Motion for Contempt, and that motion was not granted. The trial court did not order Appellants to make any payments to Appellee or take any specific actions with respect to the settlement agreement. The trial court only acknowledged that a settlement agreement was formed because the parties all admitted to that fact.

Crucially, the trial court advised the parties that, if they felt aggrieved by the other side's performance of the settlement agreement, then they had available remedies. For example, a party could petition the trial court for the

enforcement of the settlement agreement, assert a claim of bad-faith, or file a breach of contract action. *See* N.T. Contempt Hearing, 4/13/2023, at 15 ("There's a thing called Petition to Enforce Settlement. There's also, if you believe it qualifies, a bad faith action. There's things you can do, but this case is done.").

The trial court did not, at that time though, make any findings as to any specific terms of an agreement.[1] There is no transcript of the telephonic conference held on September 20, 2022, at which some of those terms were discussed. No evidentiary hearing was held subsequent to that date, and the trial court heard no evidence on the date of the final hearing held on April 13, 2023.

---

[1] The trial court did infer that the parties had negotiated for the execution of a mutual release, contrary to what Appellants contended at the final hearing. This inference was based in part on the undisputed fact that Appellants had not filed any counter-claims during the eight years in which the case had been litigated. *See* Trial Court Order, 4/13/2023 ("[T]here is no counterclaim. Both parties are released from any and all claims known and unknown."). Appellants offered no clarification for their reluctance to grant a release in Appellee's favor, which the trial court found rather curious due to the apparent lack of any conceivable claims that could still be filed within a statutory limitations period. Nevertheless, the trial court's comment about a mutual release was neither a ruling, nor a finding of fact, because the trial court did not hold an evidentiary hearing or hear testimony on that issue. *See generally Houston-Starr Co. v. Virginia Manor Apartments, Inc.*, 440 A.2d 613 (Pa. Super. 1982) ("[W]e cannot review the lower court's actions because there was no testimony or findings of fact."). Appellants were not ordered to execute a mutual release, so the existence of such a term in the parties' settlement agreement is immaterial for the purposes of the present appeal.

As the trial court explained, once the admitted existence of the settlement agreement was recognized, the case was over. If Appellee later wishes to compel Appellants' performance of the agreement or assert a claim of breach of contract or bad faith, she may bring such an action in due course upon the conclusion of this appeal. *See* N.T. Contempt Hearing, 4/13/2023, at 15. The trial court would then have to hold a hearing, in the first instance, to determine each party's specific obligations and whether any agreed upon terms were breached. With respect to the trial court's implied denial of Appellee's Motion for Contempt, the order of April 13, 2023, is affirmed.

Finally, with respect to the trial court's directive to Clever limiting the methods of his communications with chambers and court staff, we again find that no relief is due. Trial judges generally have inherent authority over courtroom policies and procedure.[2] Further, matters of attorney discipline or judicial conduct are not properly before this Court. Appellant has cited no legal authority establishing that the trial court's conduct in this case was erroneous or improper, or that this issue is a cognizable basis on which to obtain relief in the present appeal. The issue is therefore insufficiently developed so as to enable meaningful review. *See Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) ("[A]rguments not appropriately developed

---

[2] *See* https://www.buckscounty.gov/681/Robert-J-Mellon (last visited April 15, 2025) (listing the general preferences of the trial judge in this case, and requiring "that all contact with his chambers be in writing, unless otherwise authorized by the court.").

include those where the party has filed to cite authority in support of a contention.)."

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2025