**Mary Elizabeth ADAMS, Appellant,**

v.

**Steven Paul ADAMS, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 29, 2004.

Filed April 22, 2004.

---

James R. Huff II, Altoona, for appellee.

Before: FORD ELLIOTT, JOYCE and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Mary Elizabeth Adams appeals from the May 30, 2003 Order denying her exceptions to and making final a divorce master's January 24, 2001 report and recommendation. The master's report incorporated a private agreement between the parties governing their outstanding economic and divorce issues. After careful review, we affirm the Order.

¶ 2 Following the filing of a divorce complaint by appellant on February 24, 1999 and the March 23, 1999 answer by appellee, a divorce master was appointed in this matter. An evidentiary hearing was held on September 1, 2000 and another scheduled for January 24, 2001, however, prior to the commencement of the latter hearing, the parties reached a comprehensive settlement agreement. That day, the divorce master conducted an extensive colloquy of the parties and closed the evidentiary record. Thereafter, the master's report and recommendation incorporating said agreement was filed.

¶ 3 On February 16, 2001, appellant filed *pro se* exceptions to the master's report following which counsel filed an appearance for appellant. After several requests for continuance by appellant, and the failure of appellant to file a brief in support of her exceptions, the court dismissed the exceptions and entered a final Divorce Decree. On appeal appellant requested we vacate the September 28, 2001 Order on the basis the lower court failed to conduct an evidentiary hearing on her exceptions.[1] This Court granted appellant's request, vacated the lower court's Order and remanded for a hearing on the exceptions. Following an evidentiary hearing in the trial court, the exceptions were dismissed on May 30, 2003 and this appeal followed.

¶ 4 Appellant raises only one issue for our review:

I. Did the Court err as a matter of law in failing to find duress so as to invalidate the agreement?

Appellant's brief at 10.

¶ 5 Our standard of review in assessing whether a court has erred in fashioning an order of equitable distribution is well-settled. A trial court's decision will not be disturbed "absent an abuse of discretion or error of law which is demonstrated by clear and convincing evidence." *Gilliland v. Gilliland*, 751 A.2d 1169, 1171 (Pa.Super.2000) (citation omitted). "An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment." *Isralsky v. Isralsky*, 824 A.2d 1178, 1186 (Pa.Super.2003). As this Court explained in *Berrington v. Berrington*, 409 Pa.Super. 355, 598 A.2d 31 (1991), an abuse of discretion

is synonymous with a failure to exercise a sound, reasonable, and legal discretion. It is a strict legal term indicating that an appellate court is of the opinion that there was commission of an error of law by the trial court. It does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge but means the clearly erroneous conclu-

---

1. Pa.R.C.P.1920.55–2, **Master's Report. Notice. Exceptions. Final Decree.**

sion and judgment—one that is clearly against logic and the effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing; an improvident exercise of discretion; an error of law.

*Id.* at 34 (citations omitted).

¶ 6 We first address appellee's contention appellant's duress claim has not been preserved for our review. Appellee alleges, *inter alia*, appellant waived her duress claim by failing to raise it in her Exceptions to the Master's Report.[2] Appellee's brief at 7. Appellee contends the only basis for the exceptions was "mistake of fact." *Id.* We disagree. Appellant's handwritten *pro se* exceptions declare she was "under extreme stress" at the time she entered the agreement. Record, No. 30. Moreover, appellant testified to this fact at the March 14, 2003 evidentiary hearing. N.T., 3/14/03, at 6, 18. We deem these facts sufficient to preserve appellant's claim of duress.

¶ 7 Accordingly, we now turn to appellant's argument. Appellant contends she entered the agreement while under duress and incapable of consenting to its terms. Appellant's brief at 12. In support of this conclusion, she argues the court failed to recognize her low self-esteem, dominance by an abusive husband, fear of the judicial system, treatment for Attention Deficit Disorder, and alcoholism as evidence of her incapacity to assent. *Id.* at 13–15; N.T., 3/14/03, at 6–9. Review of the relevant case law in this area indicates appellant's claim is unfounded.

¶ 8 "The determination of marital property rights through...settlement agreements has long been permitted, and even encouraged." *Sabad v. Fessenden,* 825 A.2d 682, 686 (Pa.Super.2003) (citations omitted). Settlement agreements are governed by the same rules of law as used in determining the validity of contracts. *Luber v. Luber,* 418 Pa.Super. 542, 614 A.2d 771, 773 (1992); *see also Sorace v. Sorace,* 440 Pa.Super. 75, 655 A.2d 125, 127 (1995). Absent fraud, misrepresentation, or duress, parties are generally bound by the terms of their agreements. *Sams v. Sams,* 808 A.2d 206, 211 (Pa.Super.2002). "Mutual assent [necessary] to a contract does not exist, however, when one of the contracting parties elicits the assent of the other contracting party by means of duress." *Degenhardt v. Dillon Co.,* 543 Pa. 146, 153, 669 A.2d 946, 950 (1996) (citation omitted).

¶ 9 In the instant matter, the mere fact appellant was faced with stress and anxiety resulting from her divorce proceedings does not establish duress in the legal sense. We have long defined duress as "that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness." *Strickland v. University of Scranton,* 700 A.2d 979, 986 (Pa.Super.1997), *citing Smith v. Lenchner,* 204 Pa.Super. 500, 205 A.2d 626, 628

---

**2.** Pennsylvania Rule of Civil Procedure 1920.55–2(b) requires a party who is dissatisfied with a master's report to file exceptions to the report, or waive such claims. Rule 1920.55–2(b) provides:

Within ten days of the mailing of the master's report and recommendation, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

(1964). A party who has reasonable opportunity to consult with counsel before entering a contract cannot later invalidate it by claiming duress. *Degenhardt, supra,* at 153–154, 669 A.2d at 950.

¶ 10 After a thorough appraisal of the evidence presented at the March 14, 2003 hearing, the trial court found appellant had failed to prove duress sufficient to invalidate the parties' agreement. Trial Court Opinion, Kopriva, J., 5/30/03, at 4–5. In its well-reasoned Opinion, the trial court concluded:

> Duress cannot become an imagined factor to remedy second-guessing. The evidence establishes [appellant] made a knowing and voluntary agreement on January 24, 2001. The law requires her to honor that agreement.

*Id.* at 6, 669 A.2d 946.

¶ 11 This court has long recognized "a reviewing court must defer to the findings of the trier of the facts if they are supported by the evidence." *Luber, supra,* at 773. Our independent and thorough review of the record produces ample evidence to support the court's conclusions. The record contains virtually no evidence appellant executed the agreement under any degree of duress. Appellant "demonstrated no problems or concerns regarding memory or anxiety" at the September 1, 2000 hearing. Trial Court Opinion at 4. The parties engaged in extensive negotiations regarding the terms of the agreement. N.T., 3/14/03, at 21–23, 39–40. Moreover, appellant consulted with her counsel on multiple occasions prior to entering the agreement. *Id.* at 37–38, 614 A.2d 771. Appellant even acknowledged during the January 24, 2001 colloquy she entered into the agreement knowingly, voluntarily, and free from any undue duress or improper influence. N.T., 1/24/01, at 9–10.

¶ 12 The mere fact the divorce proceeding was a stressful, anxiety producing event will not act to undo the valid agreement entered into by appellant. It simply must be honored. Accordingly, we find no abuse of discretion on the part of the trial court.

¶ 13 Order affirmed.

