**Alza v. Alza**

C.P. of Monroe County, No. 8498 CV 2005; 123 DR 2005.

*Nicholas J. Masington*, for plaintiff.

*Matricia O'Donnell McLaughlin*, for defendant.

HIGGINS, *J.*, February 7, 2013—This case is before the court on plaintiff Linda M. Alza's ("wife") petition for special relief ("petition") seeking to extend her alimony payments and to finalize the specific wording of the Qualified Domestic Relations Order (QDRO) for payment of the survivor annuity option to her. Defendant Alfredo W. Alza (husband) objects to the extension of alimony and claims that the QDRO was prepared by her counsel which she now refuses to execute. The court held a hearing on the petition for special relief on November 21, 2012, and we are now prepared to rule in this matter.

The parties were married on October 18, 1987, in Bergen County, New Jersey. One child was born of the marriage, Karissa Alza, DOB May 31, 1990. On May 28, 2010, the parties were divorced from the bonds of

matrimony. Thereafter on September 12, 2012, wife filed a petition for special relief seeking to extend her alimony payments and to finalize QDRO language. Husband filed an answer to plaintiff's petition for special relief and included a counterclaim seeking an award of counsel fees in the amount of $2,000.00 and any other such relief as the court sees just and fitting.

At the time of the divorce master's hearing held on April 22, 2009, wife had applied for Social Security Disability benefits but she had not been approved to receive benefits at that time. At the divorce master's hearing the parties stipulated that wife would receive alimony for a period of three and one-half (3 ½) years. For the first three years wife would receive $2,500.00 per month and for the final six months wife would receive $1.200.00 per month. On November 9, 2010, wife was determined to be completely disabled and was granted Social Security Disability benefits retroactive from the date of filing. In wife's petition, she averred that she continued to experience health problems after the divorce. Wife alleges she experienced a change in circumstances since the time of the divorce master's hearing and that she was not officially labeled "disabled" at the April 22, 2009 hearing, but she has since been determined to be totally and/or permanently disabled by the Social Security Administration. Accordingly, wife believes that she suffered a change in circumstances which requires a continuation of her alimony benefits until such time as she begins receiving her portion of husband's pension.

In determining whether wife is entitled to an extension of her alimony payments, we first look to the agreement of the parties. The record reflects that wife had no income at the time of the divorce master's hearing. [Transcript of

hearing dated April 22, 2009 at p. 9 (hereinafter "N.T.")] The parties specifically agreed that the alimony payment will be subject to modification by any court of competent jurisdiction upon either a substantial change in financial circumstances and pursuant to all the applicable case law and whatever other body of law is out there. [N.T. pp., 6, 16, 17] Neither party has raised the issue that alimony cannot be modified. Therefore, we will look to the provisions of the Divorce Code to determine whether a substantial change is financial circumstances has occurred triggering a modification in alimony.

An appellate court will not interfere with the broad discretion afforded a trial court in fashioning a support order, including alimony, unless an error of law or an abuse of discretion is occurs. *Willoughby v. Willoughby*, 862 A.2d 654, 656 (Pa. Super. 2004). "An 'abuse of discretion' or failure to exercise sound discretion is not merely an error of judgment. But if, in reaching a conclusion, law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason, discretion must be held to have been abused." *Stamerro v. Stamerro*, 889 A.2d 1251 (Pa. Super. 2005) (citations omitted).

The Divorce Code states that "[a]n order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon the order may be modified, suspended, terminated or reinstituted or a new order made. Any further order shall apply only to payments accruing subsequent to the petition for the requested relief. Remarriage of the party receiving alimony shall terminate the award of alimony." 23 Pa. C.S. §3701(e). Further, the Divorce Code clearly identifies the

achievement of economic justice as one of its purposes for the parties who are dissolving their marriage. *Pacella v. Pacella*, 492 A.2d 707 (Pa. Super. 1985). In this context, alimony is designed to be rehabilitative, leading to the self sufficiency of the recipient. *Id.* However, alimony is based on the payor's ability to pay. *DeMarco v. DeMarco*, 787 A.2d 1072 (Pa. Super. 2001). "A petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based. A new guideline amount resulting from new or revised support guidelines may constitute a material and substantial change in circumstances. The existence of additional income, income sources or assets identified through automated methods or otherwise may also constitute a material and substantial change in circumstances" Pa. R.C.P. 1910.19(a).

Here, at the time of the divorce master's hearing, wife was unemployed [N.T., p.9] and waiting on a decision from the Social Security Administration (SSA) about her request for total and permanent disability. The parties agreed that they would live together and husband would continue to pay the bills until wife received her buyout and relocated from the marital home. In addition, the parties resolved the alimony issue. In her petition, wife argues that since she was not approved to receive Social Security disability at the time of the divorce master's hearing and she continues to suffer from health problems, she should receive a continuation of her alimony. Wife admits that she was ultimately determined to be totally disabled by SSA, however, her benefits are reduced due to her alimony payments. She complains that she is unable to pay her bills and requests that her alimony continues until she begins

receiving pension benefits when husband retires.

After reviewing the testimony and evidence in this matter, we do not believe that wife has demonstrated a change in circumstances which would permit the alimony payments to continue. Wife's financial circumstances have certainly improved since the time of the divorce master's hearing. She not only began receiving alimony as a source of income but she also was approved to receive SSA benefits. Wife testified that she moved to Florida and lived with her mother after the divorce. After wife's mother died, she received an inheritance of $8,000.00. Wife also stated that in 2005 when she filed for divorce she was in a relationship with another man. We find that the evidence does not establish that a substantial change in circumstances occurred which justify extending alimony payments.

On the other hand, husband testified that he was assisting his daughter financially with her car payments and interest on her undergraduate student loans. In addition, since his mother passed away, husband has been contributing towards the support if his father who has Alzheimer's disease and was not suffering from the disease in 2010. Husband also denied that he has an extramarital affair.

We do not believe that an extension of alimony payments is warranted since wife was not working at the time of settlement and subsequently received an income through SSA benefits. Further, wife would not have been owed spousal support due to her extramarital affair. In fashioning an award that is fair and non-confiscatory to the parties under the circumstances, we believe that wife is not entitled to an extension of alimony.

In her petition, wife also requests that the QDRO language specify that the costs for the survivor annuity be paid from husband's portion of the pension. At the outset we note that a "determination of marital property rights through…settlement agreements has long been permitted, and even encouraged…[and any settlement agreements] are governed by the same rules of law as used in determining the validity of contracts. Absent fraud, misrepresentation, or duress, parties are generally bound by the terms of their agreements. *Adams v. Adams*, 848 A.2d 991, 993 (Pa. Super. 2004)(citations omitted).

At the time of the divorce master's hearing, the parties agreed that wife would be entitled to fifty (50 percent) percent of the martial value of the pension. [N.T., p. 12] Wife's attorney stated that wife may be able to elect a survivor annuity with regards to her portion of the annuity. [N.T., p. 13] If wife elects the survivor annuity, "we would have to redo the percentages in order to effectuate an equitable distribution because obviously Mr. Alza would receive less in his overall pension benefit." *Id.* In addition, counsel for the parties asked to keep the record open and for the assistance of the divorce master in addressing the issue. [N.T., p. 14] The divorce master agreed to hold the record open "until I have actual confirmation from both counsel that it's okay to file it." *Id.* Further, the master agreed to hold a conference or post-hearing meeting to discuss the same. *Id.* The master's report and recommendation was filed on May 5, 2010 to which wife filed exceptions on May 28, 2010 stating that the master erred in filing his report and recommendation prior to the finalization of the QDRO, however, wife's exceptions were never pursued. Additionally, since wife chose the

option to receive a survivor annuity which would create a reduction in husband's annuity, we believe that any costs associated thereto should be paid by wife.

In light of the foregoing, we enter the following order:

ORDER

And Now, February 7, 2013, after hearing and upon consideration of plaintiff's petition for special releif and the response thereto, it is hereby ordered that plaintiff's petition is denied.