J-S46036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS LAMBRECHT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LAURA LIEBL, | : | |
| | : | |
| Appellee | : | No. 80 EDA 2015 |

Appeal from the Decree entered on December 12, 2014
in the Court of Common Pleas of Northampton County,
Civil Division, No. C-48-CV2011-6521

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 07, 2015**

Thomas Lambrecht ("Husband") appeals from the entry of the Divorce Decree. We affirm.

Husband married Laura Liebl ("Wife") on August 24, 2004. The parties did not have any children together. The parties separated in 2007, and Husband filed a Complaint in divorce on July 12, 2011. Wife subsequently filed a Petition for ancillary relief wherein she raised a claim for *alimony pendente lite* ("APL"), counsel fees and costs. On February 6, 2013, Husband filed a claim for equitable distribution.

On September 19, 2013, the parties entered into a partial property settlement agreement ("Agreement") whereby Husband retained sole possession and ownership of their marital residence, and Wife waived all interest in the property. The Agreement permitted Wife to remain in the

residence until she was able to purchase her own home. However, Wife was unable to secure financing to move out of the marital residence, and needed equitable distribution to occur in order to secure funds for a down payment on a home.

On March 13, 2014, Husband provided Wife with a handwritten, signed document ("Document") as part of the equitable distribution, which stated Husband would promptly pay Wife $60,000.00 by certified check. In March and April 2014, the parties, through their attorneys, exchanged emails regarding performance of the $60,000.00 payment to Wife. Wife accepted the offer, and sought the $60,000.00 promised by Husband. Husband, while agreeing to pay Wife $60,000.00, disputed whether Wife was to be paid in a lump sum or over a period of time.

On April 13, 2014, Husband provided Wife with a second handwritten, signed document titled "Payment Agreement on Property Settlement," ("Payment Agreement") which provided that Husband would pay Wife $60,000.00 upfront and without delay by certified check. Husband failed to pay Wife $60,000.00. On June 11, 2014, Wife filed a Petition to Enforce Settlement. On July 2, 2014, the trial court entered an Order granting Wife's Petition and directed Husband to pay Wife $60,000.00 within ten days. A final Divorce Decree was entered on December 12, 2014. Husband filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Husband raises the following question for our review:

Whether the trial court erred as a matter of law and abused its discretion when [the trial court] determined that the document dated March 13, 2014[,] was a full, complete, valid and enforceable agreement between Husband and Wife[?]

Brief for Appellant at 4.

"The determination of marital property rights through settlement agreements has long been permitted, and even encouraged." *Adams v. Adams*, 848 A.2d 991, 993 (Pa. Super. 2004) (citation and ellipses omitted); *see also* 23 Pa.C.S.A. § 3105. A property settlement agreement must be treated as a separate and independent contract when it does not merge with the Divorce Decree.[1] *McMahon v. McMahon*, 612 A.2d 1360, 1363 (Pa. Super. 1990). "A marital settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise." *Stamerro v. Stamerro*, 889 A.2d 1251, 1258 (Pa. Super. 2005) (citation and brackets omitted); *see also Gaster v. Gaster*, 703 A.2d 513, 515 (Pa. Super. 1997) (stating that where the settlement agreement was not merged into the divorce decree, it is enforceable at law or equity and is governed by the law of contracts). Contract interpretation is a question of law; therefore, our standard of review is plenary. *Kraisinger v. Kraisinger*, 928 A.2d 333, 339 (Pa. Super. 2007).

---

[1] We note that the instant Agreement has not merged with the Divorce Decree. *See Ballestrino v. Ballestrino*, 583 A.2d 474, 477 (Pa. Super. 1990) (stating that a settlement agreement does not merge with the divorce decree where there is no evidence that such merger was intended).

"[A] court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation." ***Habjan v. Habjan***, 73 A.3d 630, 640 (Pa. Super. 2013). "Where a settlement agreement contains all of the requisites of a valid contract, a court must enforce the terms of the agreement." ***Mastrioni-Mucker v. Allstate Ins.***, 976 A.2d 510, 518 (Pa. Super. 2007). "Under ordinary contract law, contracts are enforceable when parties reach [a] mutual agreement, exchange consideration[,] and have set forth terms of their bargain with sufficient clarity." ***Biddle v. Johnsonbaugh***, 664 A.2d 159, 163 (Pa. Super. 1995). A binding agreement exists where all parties come to a meeting of the minds on all essential terms of the agreement. ***Mastrioni-Mucker***, 976 A.2d at 518. "An offer may be accepted by conduct and what the parties do pursuant to the offer is germane to show whether the offer is accepted." ***Mountain Props. v. Tyler Hill Realty Corp.***, 767 A.2d 1096, 1101 (Pa. Super. 2001). Further, "[w]hether particular conduct expresses an offer and acceptance must be determined on the basis of what a reasonable person in the position of the parties would be led to understand by such conduct under all of the surrounding circumstances." ***Id***. (citation omitted).

Husband contends that the Document and Payment Agreement are not valid, comprehensive and enforceable agreements between the parties. Brief for Appellant at 8-9, 13. Specifically, Husband asserts that both

documents lack material terms, such as time of payment, a waiver of equitable distribution, waiver for counsel fees and costs, and waiver of APL. *Id*. at 8-9, 11. Husband argues that the trial court's attempt to resolve the documents' ambiguities went beyond mere interpretation. *Id*. Further, Husband asserts that neither document is supported by any valuable consideration. *Id*. at 10, 12. Husband also argues that because Wife made a counteroffer to the Document, and he did not accept the counteroffer, the Document is not enforceable. *Id*. at 12. Husband claims the Payment Agreement suffers from the same deficiencies. *Id*. at 12-13.

As stated above, on September 19, 2013, Husband and Wife entered into the Agreement, which allowed Wife to remain in the marital residence until she purchased her own home. Agreement, 9/19/13. On March 13, 2014, due to Wife's inability to buy a home prior to equitable distribution, Husband provided Wife with the handwritten, signed Document that stated the following:

> [Husband] will provide and promptly pay [Wife] in the exact amount of $60,000.00[,] which will not exceed or be less than [the] stated [amount] of money. [Husband] will provide [Wife] with a certified check. [Wife] will not be responsible for any of the fees or taxes that may or may not accrue in order to make this transaction occur.

Document, 3/13/14.

Wife's attorney accepted the offer, and sought the $60,000.00 payment. Correspondence (Melissa P. Rudas, Esquire), 3/14/14; *see also* Correspondence (Melissa P. Rudas, Esquire), 4/8/14. Husband's attorney,

while acknowledging the $60,000.00 figure, believed that the parties had not reached an agreement because Husband was unable to provide Wife with a lump sum. Correspondence (Richard P. Focht, Esquire), 3/24/14.

On April 13, 2014, Husband provided Wife with the handwritten, signed Payment Agreement that stated the following:

Payment Agreement on Property Settlement

-April 13th, 2014

[Husband] agree[s] to pay and provide [Wife,] with no more or less than $60,000.00 upfront and without delay in the form of a certified check as [P]roperty [S]ettlement. [Wife] will not be held responsible for the appearance/cleanliness of the [marital residence] as this is too subjective in nature to determine. [Wife] may continue to move her property out of the [marital residence] without question. [Wife] and her pets may continue to live and stay in the [marital residence] until closing settlement on a house.

[Husband] understand[s] closing settlement on [the] [marital residence] may take a couple months to process and complete.

[Husband] will make no further requests or propositions in this matter.

Payment Agreement, 4/13/14.

Based on our review of the Payment Agreement, Husband agreed to pay Wife with a $60,000.00 certified check upfront and without delay. **See** Trial Court Opinion, 4/13/15, at 3; **see also Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick**, 587 A.2d 1346, 1349 (Pa. 1990) (stating that a valid offer exists in a property settlement agreement where there is a clear settlement figure); **Brangs v. Brangs**, 595 A.2d 115, 116

(Pa. Super. 1991) (stating that an enforceable property settlement agreement exists where the terms include a specific payment to a named recipient). In exchange for Husband's promise of $60,000.00, Wife promised to move out of the marital residence. ***See Commerce Bank v. First Union Nat'l Bank***, 911 A.2d 133, 146 (Pa. Super. 2006) (stating that a settlement agreement is a valid, binding contract supported by consideration where one party surrenders their ability to bring a claim against a second party in exchange for a promise). Husband, who drafted the Payment Agreement, did not include APL, counsel fees, or costs in the Payment Agreement and has not demonstrated that those terms were at issue. ***See*** Payment Agreement, 4/13/14 (stating that husband will make no further requests on this matter after he pays Wife $60,000.00); ***see also Habjan***, 73 A.3d at 641 (stating that the parties' intentions at the time the document was signed take precedent over the parties' intentions on appeal).

Further, we conclude that Wife accepted the Payment Agreement. Here, Husband sent Wife the Document and promised her $60,000.00 by certified check. Document, 3/13/14. After receiving the Document, Wife's attorney sent an email to Husband's attorney accepting the offer. ***See Commerce Bank v. First Union Nat'l Bank***, 911 A.2d 133, 146 (Pa. Super. 2006) (stating that an acceptance occurred where counsel sent an email confirming that the proposed settlement agreement was agreed to). Exactly one month after he sent Wife the Document, Husband again

promised Wife $60,000.00 by certified check. Payment Agreement, 4/13/14. Thereafter, Wife filed the Petition to Enforce Settlement. Based on Husband's multiple promises to pay Wife $60,000.00, and Wife's repeated attempts to obtain performance, we conclude that Wife accepted the Payment Agreement. *See O'Brien v. Nationwide Mut. Ins. Co.*, 689 A.2d 254, 259 (Pa. Super. 1997) (stating that acceptance of an offer may be inferred from a parties' course of conduct); *see also Crispo v. Crispo*, 909 A.2d 308, 314 (Pa. Super. 2006) (stating that wife's failure to make a specific demand for performance of the marital settlement agreement does not bar her from recovering the $22,500.00 clearly owed by husband).

Thus, the trial court did not err in concluding that Husband and Wife entered into a full, complete, valid and enforceable settlement agreement. *See Biddle*, 664 A.2d at 163; *see also Mastrioni-Mucker*, 976 A.2d at 518.

Decree affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015

- 8 -