502 A.2d 192

**Reginald CHRISTIAN, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued May 22, 1985.

Filed Nov. 8, 1985.

Reargument Denied Jan. 16, 1986.

Allen L. Feingold, Philadelphia, for appellant.

James M. Marsh, Philadelphia, for appellee.

Before DEL SOLE, MONTEMURO and BECK, JJ.

DEL SOLE, Judge:

This is an appeal from an Order granting Appellee's Petition to Enforce a Settlement and award of reasonable counsel fees for vexatious or arbitrary behavior towards the other party under 42 Pa.C.S.A. § 2503(9). The record indicates that at a conference on July 1, 1985, the parties met and discussed a settlement for plaintiff's claim for medical expenses incurred in an auto accident under a No-Fault insurance policy with Allstate Insurance Company. Numerous letters were sent by Allstate to Appellant's counsel to have his client sign a release and a request to issue an Order to Settle, Discontinue and End the claim pursuant to a settlement Allstate claimed took place at that meeting. Appellant's counsel, on February 3, 1982, refuted the settlement by informing the defense that he did not "do business with LaBrum and Doak". At an arbitration hearing on July 14, 1982, a second settlement was purported by Allstate to have been reached. Four letters requesting an executed release were ignored by Appellant. Allstate petitioned to have the settlement agreement enforced. Appellant filed an Answer in which the existence of a settlement was denied. The court granted that petition and awarded counsel fees on July 14, 1982.

Appellant raises two issues:

1. Whether the trial court erred in law in granting Appellee's Motion to Enforce a Settlement, where the trial court failed to hold an evidentiary hearing and enter findings of fact on the issue of whether a settlement had occurred?

2. Whether the trial court erred at law and abused its discretion in granting Appellee's Motion to Enforce Settlement where Appellee demanded that Appellant execute a general release, releasing Appellee from any and all claims whatsoever?

Appellant has not alleged fraud in the settlement. Instead, he claims that a settlement never took place, only an offer by Allstate which was not accepted by him. Appellant urges that the trial court erred in not conducting an evidentiary hearing on the matter of the disputed settlement. Citing *Limmer v. County Belle Cooperative Farmers*, 220 Pa.Super. 171, 286 A.2d 669 (1971) and *Houston-Starr Co. v. Virginia Manor Apartments*, 294 Pa.Super. 571, 440 A.2d 613 (1982), Appellant argues that a trial court cannot grant a Petition to Enforce a Settlement Agreement without an evidentiary hearing on the matter. Appellee maintains that, based on *Dilliplaine v. Lehigh Valley Trust*, 457 Pa. 255, 322 A.2d 114 (1974), Appellant has waived this issue since it was not raised in the court below and because the doctrine of basic and fundamental error has found disfavor with appellate courts. *See also, Tagnani v. Lews*, 493 Pa. 371, 426 A.2d 595 (1981); *Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Super. 14, 23 n. 5, 473 A.2d 584, 588 n. 5 (1984). However, as stated in *Limmer*, it is for the trial court to hold a hearing on the existence of the settlement as a matter of judicial procedure to resolve disputed issues and not at the request of one of the parties. This Court found:

> As much as this Court, as well as the court below, favors the settlement of pending litigation, we must nevertheless be careful that in our efforts to clear the court calendar we do not omit the appropriate judicial procedures which not only safeguard the rights and interests of all the parties involved but which protect the court below and prepare the case for intelligent review by the appellate court.

*Limmer*, 220 Pa.Super. 171, at 173, 286 A.2d 669, at 670.

In the *Limmer* case, defendants filed a Petition to Enforce a Settlement, and plaintiffs filed an Answer denying the existence of any agreement because his behavior amounted to a rejection of the offer. Without a hearing, the trial court granted the petition. On appeal, this Court reversed, holding:

> Unfortunately, we cannot decide the issues thus presented to us on this appeal as no record was made in the court below on the factual issues involved. No evidentiary hearing was held in the matter by the court below wherein the facts relied upon by both sides were placed in evidence by testimony of the parties and their witnesses. The lower court's order, though reviewing personal knowledge of the defendant's offer, contains no specific findings as to the date on which the offer was made to plaintiff, and the circumstances surrounding the presentation. *Limmer*, 220 Pa.Super. [171,] at 172 [286 A.2d 669] at 670.

In the more recent case, *Houston-Starr Co. v. Virginia Manor Apts.*, *supra*, trial proceedings were halted when the parties negotiated a settlement. Subsequently, however, a dispute as to its terms arose. Appellant petitioned to enforce a settlement under its understanding of the terms, and the court instead issued an Order relying on its personal knowledge of the terms of the settlement. This Court again reversed, finding that the court's recital of facts contained in the Order did not take the place of a full evidentiary hearing and findings of fact.

Where the pleading raises an issue of fact relative to a purported settlement, the trial court must conduct an evidentiary hearing; and where the court fails to do so, its failure is not waived by a party's failure to object. The court may be required to determine if an offer to settle was tendered, if it was accepted, if counsel had authority to act, the terms of the settlement and possibly other matters. This the court neglected to do. Its failure is not waived because no party requested a hearing. The matter cannot be decided without one. Appellee argues that the cases

require the trial court to prepare an intelligent record for appellate review and not necessarily to hold an evidentiary hearing. Appellee claims that there is an adequate record in this case, including the "report and award" signed by the arbitrators which concluded by saying that the matter was "settled at hearing". However, as revealed in *Limmer*, this does not fulfill the requirements of specific findings of fact on the record containing the date of the offer and the circumstances surrounding it. Here, the trial court made findings without a record in the face of disputed factual allegations. We must reverse and remand the case for a full evidentiary hearing on the existence of the disputed settlement. Because the counsel fees were awarded on the basis of Appellant's "arbitrary, vexations and in bad faith behavior" toward the other party in the proceedings, which likewise could not have been determined in the absence of an evidentiary hearing, we also reverse that award.

The order of the court is vacated and the case remanded for proceedings consistent herewith.

Jurisdiction relinquished.