636 A.2d 669

CITY OF CARBONDALE,

v.

PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION, Appellant,

v.

Theresa LAGUZZI, Sharon Llewelyn, Alma Fairburn, Joseph Plonski, and Beatrice Plonski.

Superior Court of Pennsylvania.

Submitted Oct. 18, 1993.

Filed Jan. 25, 1994.

John R. O'Brien, Scranton, for appellant.

Harry T. Coleman, Scranton, for City of Carbondale, appellee.

Thomas J. Ratchford, Jr., Scranton, for appellees.

Before ROWLEY, President Judge, and OLSZEWSKI and BROSKY, JJ.

ROWLEY, President Judge.

On April 4, 1991, a verdict in the amount of $233,340.00, including delay damages, was entered against appellee, the City of Carbondale ("the City"), and in favor of appellees Theresa Laguzzi *et al.*, in an action captioned *Becker v. City of Carbondale,* and docketed in the Court of Common Pleas of Lackawanna County at No. 89 Civil 1848. The City then filed the present declaratory judgment action against its insurance carrier, the Pennsylvania Insurance Guaranty Association ("P.I.G.A."), appellant. The individual appellees (i.e., the successful plaintiffs in the *Becker* action) intervened in this action, and the City obtained a declaratory judgment that P.I.G.A. was required to pay the amount of the verdict entered against the City in the *Becker* lawsuit. Settlement negotiations ensued, and an agreement was allegedly reached. The agreement was not put in writing; included in the record is a letter from counsel for the individual appellees setting forth what he believed to be the terms of the agreement.

On April 20, 1993, the allegedly agreed-upon payments not having been made by P.I.G.A. despite requests by counsel for the individual appellees, the individual appellees, with the City's concurrence, filed a motion for summary enforcement of the alleged settlement agreement.[1] In an order entered that same day, the trial court granted the motion and specified the amounts to be paid by P.I.G.A. to each of the individual appellees within seven days of the order. Judgment was subsequently entered in accordance with the terms of the order.

In this timely appeal from the judgment of the trial court, P.I.G.A. asserts that because there was a dispute as to "whether counsel reached an oral agreement for the payment of $220,000.00 in full settlement of all claims" (Brief for Appellant at 6), the trial court erred in granting the motion for summary enforcement absent an evidentiary hearing and findings of fact on the issue of whether a settlement had been reached.[2] Therefore, P.I.G.A. contends, the trial court's order should be vacated and the case remanded for further proceedings. For the reasons set forth below, we disagree and, accordingly, affirm the judgment entered in the trial court.

In support of its claim, P.I.G.A. relies on this Court's opinion in *Christian v. Allstate Insurance Company*, 348 Pa.Super. 252, 502 A.2d 192 (1985), and cases cited therein. In that case, this Court held that

**[w]here the pleading raises an issue of fact relative to a purported settlement, the trial court must conduct an evidentiary hearing;** and where the court fails to do so, its failure is not waived by a party's failure to object. The court may be required to determine if an offer to settle was tendered, if it was accepted, if counsel had authority to act,

1. Although the motion was not filed until April 20, 1993, the certificate of service attached to the motion indicates that it was served upon opposing counsel by U.S. mail on April 15, 1993.

2. P.I.G.A. has failed to include in its brief a statement of the question presented. Although the nature of the question is apparent from the argument section of the brief, and we will therefore address it, we caution counsel for P.I.G.A. to comply with Pa.R.A.P. 2116(a) in the future.

the terms of the settlement and possibly other matters. This the court neglected to do. Its failure is not waived because no party requested a hearing. The matter cannot be decided without one.... Here, the trial court made findings without a record **in the face of disputed factual allegations.** We must reverse and remand the case for a full evidentiary hearing on the existence of the disputed settlement.

*Id.* at 255–56, 502 A.2d at 194 (emphasis added). P.I.G.A. contends that such is the case here, as "[t]he allegations [in the motion for summary enforcement of the settlement agreement] were not verified. The Motion was presented to the Court and counsel for all parties were present. There was no record taken of the proceedings, and the Court did not require an evidentiary hearing" (Brief for Appellant at 7).

What is also missing from the record, however, is an answer to the motion for summary enforcement, or any other indication that the existence of a settlement agreement was disputed by P.I.G.A. at the trial court level. Moreover, while P.I.G.A. asserts in its brief that a dispute as to the existence of a settlement agreement arose after P.I.G.A. made its initial offer, the brief does not indicate when or if P.I.G.A. brought this dispute to the attention of the trial court. Appellees maintain that no material issues were in dispute, no answer was filed to the motion for summary enforcement, and counsel for P.I.G.A. failed to oppose the motion when it was presented to the trial court. What happened, according to appellees, is that "[P.I.G.A. then] had a change of heart and instructed its attorney to 'take an Appeal' ..." (Brief for Appellees at 5). According to appellees, the heart of the matter is not that P.I.G.A. failed to request an evidentiary hearing or findings of fact, but that P.I.G.A. did not bring the alleged dispute to the trial court's attention in any fashion whatsoever.

This Court held in *Christian v. Allstate, supra,* that "it is for the trial court to hold a hearing on the existence of the settlement as a matter of judicial procedure to resolve disputed issues and not at the request of one of the parties." *Id.* at 254, 502 A.2d at 194. We decline to impose such an obligation

upon the trial court, however, if it is not apparent from the record that the court was informed of the existence of disputed issues concerning the settlement. In *Christian v. Allstate,* the appellant, in an answer to the enforcement petition, denied the existence of a settlement. In *Limmer v. Country Belle Cooperative Farmers,* 220 Pa.Super. 171, 286 A.2d 669 (1971), and *Houston–Starr Company v. Virginia Manor Apartments, Inc.,* 294 Pa.Super. 571, 440 A.2d 613 (1982), also relied upon by P.I.G.A., it is also evident that the trial court was made aware that there was a dispute concerning the alleged settlement. Because such is not the case here, we affirm the judgment entered in accordance with the trial court's order of April 20, 1993.

Judgment affirmed.