J-A28041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VENDOR RESOURCES MANAGEMENT,(VRM) DULY AUTHORIZED AGENT FOR THE SECRETARY OF VETERANS AFFAIRS | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| | : | No. 1704 EDA 2016 |
| ANNETTE OAKLEY | : : | |
| Appellant | : | |

Appeal from the Order April 26, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  December Term, 2014 No. 1412-01394

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED OCTOBER 04, 2018**

Appellant, Annette Oakley, Esq., appeals *pro se* from the Order entered in the Philadelphia County Court of Common Pleas denying her Motion to Set Aside Consent Judgment in the Trial Worksheet[1] and granting the Motion to Enforce the Settlement Agreement filed by Appellee, Vendor Resources Management, the duly authorized Agent of the Secretary of Veterans Affairs.  After careful review, we affirm.

We set forth the following factual and procedural history gleaned from the certified record, the parties' briefs, and the trial court's Pa.R.A.P. 1925(a) Opinion.  On December 9, 2014, Appellee filed a Complaint against

_____

[1] The Trial Worksheet memorialized the terms of the settlement agreement.

Appellant and any and all tenant occupants seeking their ejectment from residential property located at 2015 S. 11th Street, Philadelphia, PA 19148 (the "Property").[2]  Appellant filed preliminary objections, which the court denied after Appellant filed an Answer with New Matter and a Counterclaim to Appellee's Complaint on March 9, 2015.  Following many more months of litigation of preliminary objections, and preliminary objections to preliminary objections, the matter proceeded to a case management conference in April 2015.  In October 2015, the court listed the case for a pre-trial conference. Appellant failed to file a settlement memorandum as ordered and the court imposed a monetary sanction.  On February 1, 2016, the court scheduled the matter for trial on February 16, 2016.

On February 16, 2016, *pro se* Appellant and counsel for Appellee had discussions regarding settlement of the ejectment action. Appellant offered the possibility of a relative purchasing the property; Appellee counter-offered; and the parties reached an agreement.  The parties informed the court that they had reached a settlement, which the court directed Appellee's counsel to state on the record.  The Agreement provided that Appellant would vacate the property in 45 days, *i.e.*, by April 1, 2016, and that Appellee would pay $2,000 in relocation costs to Appellant upon

---

[2] The property was the subject of a 2010 mortgage foreclosure action in which Appellant was the mortgagor.  Appellee acquired the property in January 2014 at a sheriff's sale.  The mortgage foreclosure is not part of this Appeal.

satisfactory final inspection of the property. Appellant also agreed to "an immediate consent judgment for possession that cannot be executed until after that 45-day period lapses if she remains in the property." N.T., 2/16/16, at 4-5. The parties also agreed to the mutual release for all past, present and future claims. After Appellee relayed the terms of the Settlement Agreement to the court on the record, the court confirmed with Appellant that she agreed to the terms. *Id*. at 5. The court entered the Trial Worksheet memorializing the agreement immediately after the hearing and provided notice pursuant to Pa.R.C.P. No. 236 that same day.

Appellant subsequently obtained counsel, and on March 24, 2016, she filed a Motion to Set Aside the Trial Worksheet Entering a Consent Judgment, alleging that Appellee made false representations upon which she relied to her detriment.[3] On April 15, 2016, Appellee filed an Answer to the Motion to Set Aside and a Counter-Motion to enforce the Settlement Agreement. On April 26, 2016, the trial court granted Appellee's Motion to Enforce the Settlement Agreement and denied Appellant's Motion to Set Aside the Settlement Agreement. Appellee filed a Praecipe for a Writ of Possession, which the court clerk entered on May 19, 2016.

---

[3] Appellant alleged that she relied to her detriment during settlement discussions prior to trial on the following: (1) Appellee had falsely represented that Appellant's Counterclaim had been stricken; and (2) Appellee rejected her offer of a family member to purchase the property based on a misrepresentation.

On May 25, 2016, the day the Sheriff served Appellant with the Writ of Possession, Appellant filed a Motion for Reconsideration of the Order granting the Motion to Enforce the Settlement Agreement. The next day, on May 26, 2016, she filed a Notice of Appeal. The trial court denied the Motion for Reconsideration on June 7, 2016.[4]

Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> 1. Whether the trial court erred in considering [Appellee's] Counter Motion to Enforce Settlement in response to Appellant's Motion to Set Aside the February 16, 2016 Trial Worksheet Entering Consent Judgment when [Appellee's] Counter Motion was filed two days after the Response date without demonstrating good cause or justice requires?
>
> 2. Whether the trial court erred in issuing its April 26, 2016 Order granting [Appellee's] Counter Motion to Enforce Settlement before the response period lapsed in which Appellant could oppose?
>
> 3. Whether the trial court erred in ruling on disputed issues of facts raised in [Appellee's] Counter Motion to Enforce Settlement without affording the Appellant the opportunity to be heard?

Appellant's Brief at 4.

In her first two issues, Appellant does not raise substantive issues. Rather, she asserts that the court should not have acted in light of

---

[4] On June 16, 2016, Appellant filed a Motion to Stay Writ of Execution. On July 12, 2016, the trial court granted the Motion pending the issuance of a decision by this Court in Appellant's appeal.

procedural defects. The applicability of our rules of civil procedure raises a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. ***Oswald v. WB Pub. Square Assocs.*, *LLC***, 80 A.3d 790, 793 (Pa. Super. 2013).

Pa.R.C.P. No. 126 provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

"Under the doctrine of substantial compliance, the trial court may 'overlook any procedural defect that does not prejudice a party's rights.'" ***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1272–73 (Pa. Super. 2015), quoting ***Womer v. Hilliker***, 908 A.2d 269, 276 (Pa. 2006) "[P]rocedural rules are not ends in themselves, and ... rigid application of [the Rules] does not always serve the interest of fairness and justice." ***Id***.

In her third issue, Appellant contends that the trial court erred in not affording her an opportunity to be heard prior to granting Appellee's Countermotion to Enforce Settlement before the expiration of the twenty-day response period provided by Pa.R.C.P. No. 208.3(b) and the Philadephia County Local Rule 208.3(b).

Appellant cites no case, rule, or statute requiring that a court hold a hearing prior to granting a motion to enforce a settlement agreement. Our research indicates that there is no mandate that a court hold an evidentiary hearing on a motion to enforce settlement where, as here, there is no dispute that an offer to settle was tendered, it was accepted, counsel had the authority to act, and the record contains the terms of the settlement and the parties' acquiescence. *See Christian v. Allstate Ins. Co.*, 502 A.2d 192, 194 (Pa. Super. 1985) (noting the need for an evidentiary hearing where an insufficient record exists for appellate review of a settlement agreement).

In her Rule 1925(a) Opinion, the Hon. Abbe F. Fletman concisely addresses and analyzes each of Appellant's issues with citation to the certified record and application of relevant and dispositive case law. Our review of the record, including the notes of testimony from the settlement hearing, supports her well-reasoned analysis. Accordingly, we adopt the trial court's analysis as our own and affirm. *See* Tr. Ct. Op., dated Dec. 16, 2016, at 3-8 (finding: (1) Appellee's response to Appellant's Motion to Set Aside Consent Judgment filed two days after the end of the response period substantially complied with Pa.R.C.P. No. 208.3, and Appellant suffered no

prejudice,[5] *id*., at 3; (2) the court's action in granting the Motion to Enforce the Agreement prior to the passage of the twenty-day response period, provided in Pa.R.C.P. No. 208.3(b) and Local Rule 208.3, did not prejudice Appellant "in any way" as she "had an opportunity to make all her arguments in her motion for reconsideration, which the court reviewed and rejected," *id*., at 4; (3) the court was not required to hold a hearing where there was no factual dispute as to the existence of the Settlement Agreement, and a court is not required to hold an evidentiary hearing on a motion to enforce, *id*., at 5; (4) Appellant's allegations of fraud were insufficient to set aside the Settlement Agreement, and the alleged misrepresentation was immaterial to the Settlement Agreement, *id*., at 5-6; (5) the record reflects that Appellant, "a barred lawyer [who] is not an unsophisticated party," accepted the settlement agreement "freely and on the record" and she does not dispute its existence, *id.*, at 6; and (6) Appellant's "experience of anxiety and stress does not constitute duress necessary to invalidate the [S]ettlement [A]greement as a matter of law" and "[t]herefore, th[e] court did not err in deciding the motions without a hearing, *id*. at 7.).

The parties are instructed to annex a copy of the trial court's December 16, 2016 Opinion to any future filings.

_____

[5] The court also noted that Appellant had filed her Motion to Set Aside the Consent Judgment 17 days late.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/4/18</u>

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY FIRST JUDICIAL
DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

VENDOR RESOURCE MANAGEMENT, et al.    :

                                         :     DECEMBER TERM, 2014

                                         :     NO. 01394

     V.                                    :     1704 EDA 2016

                                         :

OAKLEY, et al.                        :

## OPINION

This appeal arises from an order this Court entered on April 26, 2016, denying appellant Annette Oakley's motion to set aside a settlement agreement and granting the motion to enforce a settlement agreement of appellee Vendor Resource Management ("VRM"), an authorized agent of the Secretary of Veterans Affairs. This Court committed no error in entering the April 26, 2016 order, and the Superior Court should affirm its decision for the following reasons.

## FACTS

On December 9, 2014, VRM filed the underlying civil complaint against appellant Annette Oakley for ejectment from a property at 2015 S. 11th Street, Philadelphia, PA 19148 (the "Property"). VRM obtained ownership of the Property through a sheriff's sale. The Sheriff's Deed was delivered and recorded on August 6, 2016. (Ex. A to Complaint) The complaint named Ms. Oakley as one of several possible occupants who lived in the Property without any legal right to remain.

Ms. Oakley answered the complaint *pro se* on April 9, 2016, and asserted a counterclaim against VRM. Immediately before the matter was scheduled to proceed to trial on February 16, 2016, the parties informed the trial court that they had reached a settlement. The Court entered a "Trial Work Sheet," reflecting that "Annette Oakley agrees to vacate the property by April 1st

Vrm (Vendor Resource Management), Et Al Vs O-OPFLD



14120139400063

2016...Vendor Resource Management agrees to pay $2,000 to Ms. Oakley in relocation coast subsequent to satisfactory final inspection of the property. Parties agree to mutual release for all past, present, and future claims." (Trial Worksheet, February 16, 2016, attached as Exhibit A). VRM read the terms of the settlement into the record and this Court confirmed that Ms. Oakley agreed to the terms as they appeared on the Trial Work Sheet.[1] Notes of Testimony ("N.T.") 2/16/2016 at 5:12-14. The Court also advised the parties that a full and complete agreement should be set to paper and filed with the Court. *Id.* at 6:19-7:1.

On March 24, 2016, Ms. Oakley filed a motion to set aside the February 16, 2016 Trial Worksheet entering the consent judgment. This motion was untimely, which Ms. Oakley admitted, as it was not filed within 10 days of the non-suit. Appellant's Motion to Set Aside, 13 (March 24, 2016). On April 15, 2016, VRM filed a combined answer and counter-motion to enforce the settlement agreement. On April 26, 2016, this Court denied Ms. Oakley's motion to set aside and granted VRM's motion to enforce the settlement memorialized in the Trial Worksheet and confirmed by Ms. Oakley on the record. Ms. Oakley then filed a motion for reconsideration on March 25, 2016, which was denied, and appealed this Court's order of April 26, 2016 to the Pennsylvania Superior Court.

## DISCUSSION

Appellant Ms. Oakley alleges that this Court made the following errors on appeal:

---

[1]     After counsel for VRM placed the terms of the settlement on the record, the Court inquired: "Ms. Oakley, is that what you've agreed to?" Ms. Oakley responded, "Yes, Your Honor." N.T. 2/16/16 at 5:12-13.

2

(1) Considering VRM's response to Ms. Oakley's motion to set aside sheriff's sale, which contained a counter-motion to enforce settlement, when VRM filed the response two days after it was due;

(2) Granting VRM's motion to enforce settlement before Ms. Oakley's time to respond had elapsed; and

(3) Ruling on the motion to enforce settlement without a hearing when alleged material issues of fact existed.

Appellant's Statement of Matters Complained of on Appeal, ¶ 1-3 (June 13, 2016) ("Appellant's Statement").

### 1. This Court did not err in considering VRM's motion to enforce settlement, Although it was filed two days after the motion response was due.

Issues regarding court procedure are questions of law; therefore a reviewing court's standard of review is de novo and the scope is plenary. *Keller v. Mey*, 67 A.3d 1, 5 (Pa. Super. 2013). Rule 126 of the Pennsylvania Rules of Civil Procedure provides that the rules shall be construed to secure "the just, speedy and inexpensive determination of every action" and the court shall "disregard any error or defect of procedure that does not affect the substantial rights of the parties." Pa. R. Civ. Pro. 126 (West 2016). Under the doctrine of substantial compliance, the trial court "may overlook any procedural defect that does not prejudice a party's rights." *Green Acres Rehabilitation and Nursing Center v. Sullivan*, 113 A.3d 1261, 1273 (Pa. Super. 2015).

Ms. Oakley is correct in asserting that VRM's response to her motion and its subsequent motion to enforce settlement were filed two days after the 20-day response period. Pa. R. Civ. Pro. 208.3 (West 2016). By filing two days late, however, VRM substantially complied with the governing procedural rule and did not prejudice Ms. Oakley. The late filing did not affect the

3

outcome of action; it did not delay the disposition of the action; nor did it in anyway enlarge Ms. Oakley's costs in this action. This is especially true since Ms. Oakley's post-trial motion was itself untimely and was filed 17 days late. *See* Pa. R. Civ. Pro. 227.1(West 2016). This Court did not err in granting VRM a small allowance, particularly given the untimely filing of Ms. Oakley's motion.

2. The Court did not err in granting VRM's motion to enforce settlement
   <u>Before Ms. Oakley's time to respond had elapsed.</u>

Under the Pennsylvania Rules of Civil Procedure and the Philadelphia Local Rules of Civil Procedure, a response to a motion is due within 20 days of the filing of a motion. Pa. R. Civ. Pro 208.3. As above, defects in procedure may be disregarded when there is no prejudice to a party. Pa. R. Civ. Pro. 126; *Green Nursing and Rehabilitation Center* at 1273.

VRM filed its motion to enforce the settlement on April 16, 2016. This Court granted the motion to enforce the settlement on April 26, 2016. Under Rule 208.3 of the Pennsylvania Rules of Civil Procedure, Ms. Oakley had until May 6, 2016 to respond to VRM's response and counter-motion. The Court's action, however, did not prejudice Ms. Oakley in any way. Ms. Oakley had an opportunity to make all her arguments in her motion for reconsideration, which the Court reviewed and rejected. Nowhere in any filing in this Court did Ms. Oakley deny that she agreed on February 16, 2016, to settle this matter and vacate the Property for $2,000 in relocation fees. All the Court did was enforce the agreement she entered and confirmed under oath on the record. N.T. 2/16/16 at 4:8-7:1.

3. This Court did not err by ruling on the motion to enforce settlement
   <u>Without a hearing.</u>

Courts will enforce a settlement agreement if its material terms are agreed upon. *Century Inn, Inc. v. Century Inn Realty,* 516 A.2d 765, 767 (Pa. Super 1986). A settlement agreement will

4

not be set aside absent a clear showing of fraud, duress or mutual mistake. *Felix v. Giuseppe Kitchens & Baths, Inc.*, 848 A.2d 943, 947 (Pa. Super. 2004). "Where a pleading raises an issue of fact relative to a purported settlement, the trial court must conduct an evidentiary hearing," *City of Carbondale v. Pennsylvania Ins. Guar. Ass'n*, 636 A.2d 669, 670 (Pa. Super. 1994) (*citing Christian v. Allstate Insurance Company*, 502, A.2d 192, 194 (Pa. Super 1985)). In *City of Carbondale*, the Pennsylvania Superior Court held that where there was no factual dispute to the existence of a settlement, a trial court was not required to hold an evidentiary hearing on a motion to enforce. 636 A.2d at 671. "It is for the trial court to hold a hearing on the existence of a settlement as a matter of judicial procedure to resolve dispute issues and not at the request of one of the parties." *Christian*, 503 A.2d at 194.

Ms. Oakley argues that three "disputed questions of fact" required an evidentiary hearing on the motion. Appellant's Statement at ¶ 3 (June 13, 2016).

> A. This Court Did Not Err in Deciding the Motions Without a Hearing As Ms. Oakley's Claims of Fraud Do Not Invalidate the Settlement Agreement As a Matter of Law.

Ms. Oakley alleges that plaintiff's counsel knowingly made false representations to her, intending that she rely on the representations and thus induce her into a settlement agreement. *Id.* at ¶ 3(a). This Court was not required to hold an evidentiary hearing on the alleged fraud because, as a matter of law, the allegations were insufficient to set aside the settlement agreement.

To set aside the settlement agreement on the basis of fraud, Ms. Oakley must demonstrate by clear and convincing evidence:

> (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

5

*Blumenstock v. Gibson*, 811 A.2d 1029, 1034 (Pa. Super. 2002)(internal citations omitted).

Ms. Oakley first contends that VRM committed fraud by falsely telling her moments before trial that her amended counterclaim had been stricken. Appellant's Memorandum of Law in Support of Defendant's Motion to Set Aside, 6 (March 24, 2016)("Appellant's Brief"). Ms. Oakley claims that this false fact led her to enter the settlement agreement. *Id.* at 19. VRM denies that it ever made such a statement, but even if VRM had, Ms. Oakley could not have justifiably relied upon it. Ms. Oakley as a barred lawyer is not an unsophisticated party and easily could have ascertained whether the counterclaim was actually dismissed. It was unreasonable that Ms. Oakley would count on this representation, if made, and, as such, it is not a material issue of fact that required this Court to conduct an evidentiary hearing.

Ms. Oakley second alleges that VRM fraudulently informed her that the Secretary of Veterans Affairs could not sell to relatives of the defaulting borrowers property the VA acquired by foreclosure. Appellant's Brief at 5. The alleged misrepresentation is immaterial to the settlement agreement because Ms. Oakley accepted the settlement agreement freely and on the record. If she legitimately had a family member who was ready, willing and able to buy the Property, she could have asked for a continuance to pursue this option, or she could have made the settlement contingent on provision of the policy VRM allegedly told her about. Ms. Oakley even could have asked for a short recess so counsel for VRM could obtain a copy of the alleged policy for her. She took none of these actions. This Court therefore did not err by not conducting an evidentiary hearing because Ms. Oakley has raised no disputed issue of fact material to the question of whether the parties entered into a settlement agreement.

6

B. This Court Did Not Err in Deciding the Motions Without A Hearing Because Ms. Oakley's Anxious State When She Entered The Settlement Agreement Does Not Constitute Duress Sufficient to Invalidate the Agreement as a Matter of Law

Ms. Oakley alleges that this Court erred when it failed to hold an evidentiary hearing to consider her allegation that she "was of diminished mental capacity when the settlement agreement was entered into." Appellant's Statement at ¶ 3(b). Ms. Oakley represented in her motion to set aside that she experienced intense anxiety on the day of the settlement agreement. Appellant's Brief at 7. Ms. Oakley further represented that she is rendered disabled because of her anxiety condition and that she takes daily prescription drugs to manage it. *Id.* at 8. Ms. Oakley argues that because she was experiencing anxiety she was under duress when she accepted the settlement agreement. *Id.* at 7-8.

This Court was not required to hold an evidentiary hearing on Ms. Oakley's mental state, first, because VRM did not dispute Ms. Oakley's claims about her mental condition in response to her motion to set aside. Where there is no dispute of material fact regarding the existence of the settlement agreement, the trial court is not required to conduct a hearing. *City of Carbondale*, 636 A.2d at 671; *Christian*, 503 A.2d at 194.

Ms. Oakley's anxious mental state is insufficient as a matter of law to invalidate the settlement agreement. Anxiety and stress associated with a legal action does not amount to duress. *Adams v. Adams*, 848 A.2d 991, 993 (Pa. Super 2004). In *Adams*, the appellant sought to challenge a divorce settlement agreement because her mental state made her incapable of consenting to its terms. 848 A.2d 991 at 993.[2] Like Ms. Oakley, the appellant in *Adams* alleged

---

[2] In *Adams*, the trial court held an evidentiary hearing regarding appellant's mental state at the time of settlement because appellant had failed to file a brief in support of her claims that her mental state invalidated the settlement. 848 A.2d at 992. In this case, an evidentiary hearing was

to have experienced intense stress and anxiety at the time of settlement that she claimed amounted to duress. *Id.* The Superior Court held that "the mere fact appellant was faced with stress and anxiety resulting from her divorce proceedings does not establish duress in the legal sense." *Id.*

Under *Adams,* Ms. Oakley's experience of anxiety and stress does not constitute duress necessary to invalidate the settlement agreement as a matter of law. Therefore, this Court did not err in deciding the motions without a hearing.

### C. This Court Did Not Err in Deciding the Motions Without a Hearing On Unspecified Disputed Issues of Material Fact

Finally, Ms. Oakley argues that because she was not afforded the full response time to answer VRM's motion to enforce, other disputed material issues of fact exist that should have been subject to an evidentiary hearing. Appellant's Statement at ¶ 3(c). Ms. Oakley failed to identify which facts she purportedly disputes either in her motion for reconsideration or in her Statement of Matters Complained of on Appeal. As addressed above, this Court did not err in deciding VRM's motion to enforce the settlement, and Ms. Oakley was free to bring up these alleged issues of material fact in her motion for reconsideration.

---

not necessary as Ms. Oakley and VRM both had several opportunities to fully brief this issue, and VRM did not contest Ms. Oakley's mental state.

8

## CONCLUSION

Ms. Oakley agreed to settle this matter on February 16, 2016, on the record and under oath. She may well have regretted that decision. That is no reason under the law to jettison the settlement, and no hearing was required to make that determination. For the foregoing reasons, the Superior Court should affirm this Court's decision.

BY THE COURT:

_Abbe F. Fletman_

ABBE F. FLETMAN, JUDGE

Dated: December 16, 2016

9