J-S31027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT ATEN | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOUISE MANFRED AND DENISE | : | |
| GIACOMINO | : | |
| | : | |
| Appellants | : | No. 1799 WDA 2018 |

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Allegheny County
Civil Division at No: AR-17-001944

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2019**

Appellants, Louise Manfred ("Manfred") and Denise Giacomino ("Giacomino"), appeal from the November 21, 2018 order entered in the Court of Common Pleas of Allegheny County that affirmed an $800.00 arbitration award entered on September 10, 2017 against Manfred and directed entry of a judgment in favor of Appellee, Robert Aten ("Aten").  As framed in their brief, Appellants assert the trial court erred in granting Aten's petition to enforce the trial court's consent order without holding an evidentiary hearing. Upon review, we affirm.

In its Rule 1925(a) opinion, the Honorable Patrick M. Connelly provided a detailed summary of the protracted history of this case as follows:

> The instant matter initially arose out of an incident that took place on September 6, 2016, wherein [Manfred] backed out of her

driveway and crashed into a fence owned by [Aten], causing $800.00 in damage to the fence. There never appeared to be a dispute as to Manfred's culpability in causing the damage, or the amount of damage to the fence. However, the parties could not come to an agreement as to how to remedy the situation, and the matter proceeded to litigation.

Aten initially filed an action with the magisterial district court, which resulted in an award of $904.50, including $800.00 in damage to the fence, and $104.50 in court costs. Manfred appealed the magisterial district court judgment to the arbitration division of this court. Following an arbitration hearing on September 20, 2017, Aten was again awarded $800, plus court costs. Manfred likewise appealed the arbitration award, and a non-jury trial was scheduled to commence on May 16, 2018. However, the parties reached a settlement agreement prior to trial, which was memorialized by the Honorable Jack McVay in an April 25, 2018 consent order. This order provided as follows:

> On this 25th day of April, 2018, it is hereby order, adjudged and decreed that: The parties have resolved the above referenced matter. [Appellants] agree to pay for relocating of the fence back 18 inches with the fence being built as an exact duplicate as per the specifications of Bill English dated 1-28-18. [Aten] will meet with Bill English to verify duplication and [Appellants] will pay for relocation and duplications of fence line. Work to be completed by June 29, 2018. Court retains jurisdiction. /s/

Despite the April 25, 2018 consent order, the fence was not completed by June 29, 2018. As a result, Aten sought to reinstate the $800.00 arbitration award. Following various procedural attempts by Aten to reinstate the arbitration award, the Honorable Judith Freidman entered an October 10, 2018 order, which granted Manfred additional time to replace the damaged fence. This order reads as follows:

> And now, this 10 day Oct[ober], 2018, it is hereby ordered, adjudged, and decreed as follows: The April 25, 2018 order of court is enforced. [Appellants] shall have contractor install duplicate fence along alley. If contract to complete by October 31, 2018 is not signed to complete work by a licensed contractor to move fence back 18 inches, [Appellants] shall remit [$]800.00 to [Aten]. [Aten] will

provide stain to match fence.   Prior judgment is stricken.
/s/.

Despite the additional time granted to them, [Appellants] still failed to replace the damaged fence.  **On November 26, 2018, this matter ultimately came before the undersigned for the first time in general motions court on Manfred's** *Motion to Extend Timeframe to Complete Fence Repair and Relocation.*  While opposing Manfred's motion, Aten expressed extreme frustration that he waited more than two years to be compensated for the damage to his fence, and still has not been compensated, despite at least four separate court appearances and a lack of dispute as to liability and damages.[1] The undersigned understandably recognized Aten's concerns and frustrations.

[1] It was expressed to this court that the issues holding up the resolution of this matter only involved the placement of the new fence, and a dispute as to who would complete the work.

**With respect to Manfred's** *Motion***, this court addressed the following issue which is the subject matter of this appeal: whether Manfred should be granted an additional extension of time to complete the work on the fence.**  A review of the record demonstrates that Manfred was provided more than sufficient time to comply, and failed to do so repeatedly.  Initially, Manfred was supposed to complete the work on June 29, 2018, pursuant to the April 25, 2018 consent order. Judge Friedman then provided [Appellants] an additional four (4) months to complete the work, and specifically ordered [Appellants] to remit the undisputed payment of $800.00 to Aten if the work was not completed by October 31, 2018.

Rather than comply with the deadline or remit the payment of $800.00, Manfred requested that the undersigned overturn Judge Friedman's October 10, 2018 order.  Upon hearing from the parties, the undersigned found no compelling reason to further extend the time to repair the fence.  Although this court did not conduct a formal hearing on the record, we did consider argument from both sides on the issue.  Ultimately, the reasons set forth by Manfred were insufficient to move this court to overturn and/or reverse Judge Friedman's October 10, 2018 order.  Furthermore, Manfred failed to cite any authority which would require this court to hold an evidentiary hearing.  In arriving at our decision, we

recognized that this minor incident occurred over two years ago and it was time for Aten to be compensated for his loss.

Trial Court Opinion, 2/21/19, at 2-5 (emphasis added) (some capitalization omitted).

At the conclusion of the November 21, 2018 proceedings, Judge Connelly entered the following order, from which this appeal is taken:

And now, this 21st day of Nov[ember], 2018, it is hereby ordered, adjudged and decreed as follows:

It appearing to the court that [Appellants] have failed to comply with orders dated 4-25-18, & 10-10-18, the arbitration award entered on 9-20-17 is affirmed. And, the [Department of Court Records] shall enter judgment in the amount of $800.00. Said judgment to be paid within 30 days.

Order, 11/21/18, at 1 (some capitalization omitted). The trial court entered a second order denying the relief requested in Appellants' motion, crossing out the proposed language granting an extension and writing, "Denied – See Order of 11-21-18."

On December 19, 2018, Appellants filed a motion to place $800.00 into escrow "[i]n order to effectuate the parties['] legal intent that the fence be moved back eighteen (18) inches." Appellants' Motion, 12/19/18, at ¶ 3. By order entered the same day, the Honorable Paul F. Lutty denied Appellants' motion. Order, 12/19/18, at 1. On December 20, 2018, Appellants filed their notice of appeal to this Court from Judge Connelly's November 21, 2018 order. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants ask us to consider one issue on appeal:

- 4 -

1. Whether the trial court committed error of law in granting [Aten's] petition to enforce consent order of court regarding settlement of the case without holding an evidentiary hearing?

Appellants' Brief at 4.

Appellants contend the trial court erred by "granting [Aten's] petition to enforce . . . without holding an evidentiary hearing." *Id.* However, the record reflects that the November 21, 2018 proceeding was conducted to consider Appellants' motion to extend the timeframe for completing the fence repair. *See* Motion to Extend Timeframe to Complete Fence Repair and Relocation and Notice of Presentation, 11/21/18. A review of the docket entries does not reflect any petition to enforce—or any other motion or petition—filed by Aten. The trial court's opinion further confirms that "the matter ultimately came before the undersigned for the first time in general motions court on Manfred's *Motion to Extend Timeframe . . .*." Trial Court Opinion, 2/21/19, at 4. Therefore, there is no basis upon which Appellants could be entitled to any relief on their issue as framed.

Even if we were to consider Appellants' issue as an assertion of error for not conducting an evidentiary hearing on their motion to extend time, Appellants would not prevail. Here, in response to Appellants' motion to extend the timeframe for completing the fence repair, the trial court considered argument from both sides and determined there was no basis for granting an extension. Consequently, the court denied the request for an

- 5 -

extension and affirmed the arbitration award of September 20, 2017 while also directing entry of judgment in the amount of $800.00.

Despite Appellants' suggestion to the contrary, there was no "settlement agreement" at issue that would require an evidentiary hearing.[1] Rather, at issue is the trial court's order affirming the arbitration award and entering judgment in favor of Aten after considering Appellants' request for extension and entertaining argument from Aten in opposition to that request. In **Rosenberg v. Monteverde & Hemphill, P.C.**, 688 A.2d 1210 (Pa. Super. 1997), this Court instructed, "When reviewing an appeal from an order confirming the arbitrators' award and entering judgment in appellees' favor, we consider whether the trial court exceeded its scope of authority and will reverse only for an abuse of discretion or an error of law." *Id.* at 1211 (citing **Hall v. Nationwide**, 629 A.2d 954, 956 (Pa. Super. 1993), *appeal denied*, 641 A.2d 588 (Pa. 1994)). We find no abuse of discretion or error of law here.

---

[1] With respect to evidentiary hearings when a settlement agreement is contested, Appellants cite **City of Carbondale v. Pennsylvania Ins. Guar. Ass'n**, 636 A.2d 669 (Pa. Super. 1994). **City of Carbondale** in turns quotes **Christian v. Allstate Insurance Company**, 502 A.2d 192 (Pa. Super. 1985), in which this Court explained that the trial court must hold an evidentiary hearing if a pleading "raises an issue of fact relative to a purported settlement." **City of Carbondale**, 636 A.2d at 670 (quoting **Christian**, 502 A.2d at 194). Appellants' reliance on **City of Carbondale** and **Christian** is misplaced. In those cases, which we note are the only legal authorities cited in the argument section of Appellants' brief, there were questions as to the existence of a settlement agreement. There are no such questions in this case. Therefore, those cases are inapposite.

Again, as the record reflects, Aten prevailed at a magisterial district judge proceeding. Appellants appealed, as they were entitled to do. Aten then prevailed at an arbitration proceeding. Once again, Appellants appealed, as authorized by our procedural rules. On the date set for the parties' pre-trial conference, the parties entered into an agreement memorialized by the consent order entered on April 25, 2018, directing that the fence repairs be completed by June 29, 2018. From the docket, it appears that the work was not timely completed, leading to entry of judgment against Manfred on August 28, 2018. However, by order entered on October 10, 2018, that judgment was stricken and the court directed enforcement of the April 25, 2018 consent decree. As reflected above, the trial court ordered that Manfred remit $800.00 to Aten if the contract for a licensed contractor to complete repairs by October 31, 2018 was not signed. Failing compliance with that deadline, Manfred was obligated to remit $800.00 to Aten. She did not. Instead, she went back into court with a request for additional time. After that request was denied by order entered November 21, 2018, she presented a motion on December 19, 2018, asking to place $800.00 in escrow rather than pay it to Aten. Judge Lutty, the fifth judge to enter an order in this case after Appellants appealed the magisterial district court's award,[2] denied the request.

_____

[2] On September 18, 2017, the Honorable Ronald W. Folino denied Appellants' pre-arbitration motion to transfer the case to the general docket. On April 25, 2018, at the time set for a pre-trial conference before the Honorable John

- 7 -

In its Rule 1925(a) opinion, Judge Connelly observed that Manfred failed to demonstrate any basis for overturning Judge Friedman's October 10, 2018 order and failed to cite any authority in support of her claimed entitlement to an evidentiary hearing. Trial Court Opinion, 2/21/19, at 5. Again, "this minor incident occurred over two years ago and it was time for Aten to be compensated for his loss." *Id.* We find no abuse of discretion or error of law in the trial court's ruling. Therefore, we shall not disturb the November 21, 2018 order reinstating the arbitration award, directing entry of judgment in the amount of $800.00, and requiring payment of the judgment within 30 days.

Order affirmed.

_____

McVay, Jr., Judge McVay entered the consent order reflecting the parties' resolution of the case. On October 10, 2018, the Honorable Judith Friedman entered an order striking the judgment entered August 28, 2018, and directed that Manfred remit $800.00 to Aten if the contract to complete repairs by October 31, 2018 was not signed. On November 21, 2018, the Honorable Patrick Connelly denied Appellants' motion to extend the timeframe to complete repairs and affirmed the September 20, 2017 arbitration award. On December 18, 2018, the Honorable Paul Lutty, Jr. denied the motion to place the amount at issue, $800.00, in escrow.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2019